LEE ALLEN v. THE STATE.

No. 1252. Decided June 14, 1911.

1.—Burglary—Indictment—Retired Docket—Trial Docket.

Where defendant had not been arrested, there was no error, on the verbal request of the district attorney, in the court's action to place this indictment on the retired docket to be brought forward on the trial docket when defendant

was arrested, and to overrule a motion to quash and in arrest of judgment on this ground.

### 2.—Same—Continuance—Bill of Exceptions.

Where the defendant accepts a bill of exceptions with the court's qualification he is bound thereby; besides the absent testimony was immaterial as the State relied on other testimony to corroborate the accomplice.

### 3.—Same—Misconduct of Jury.

Where the juror testified that he did not use the language objected to, and all the jurors testified that such language, if made, did not influence any of them in arriving at a verdict, etc., there was no reversible error. Following Moore v. State, 36 Texas Crim. Rep., 88.

### 4.—Same—Evidence—Bill of Exceptions.

Where there was no bill of exceptions in the record as to the testimony objected to, the same could not be considered on appeal.

### 5.—Same—Argument of Counsel.

Where there was nothing in the record to show that the district attorney used the language objected to, and no request instructing the jury to disregard such language, if it was used, there was no error.

### 6.—Same—Accomplice—Alibi—Sufficiency of the Evidence.

Where the court instructed on accomplice testimony and alibi as raised by the evidence, and the evidence supported the conviction, there was no error.

Appeal from the District Court of Red River. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The owner of the house alleged to have been burglarized testified that he left the house closed, and when he returned found that a sack of flour, a coat, a bridle, a shotgun and five midlings of meat had been taken from his house and smoke house; that his house was fastened with bolts, etc.; that the next day he and another State's witness saw the defendant's accomplice and a man they took to be defendant put something in a wagon and drive off with it.

Accomplice testified that he was indicted with the defendant for the burglary and promised immunity from prosecution; that he and the defendant burglarized the alleged house on the day alleged in the indictment and stole the above-named articles therefrom; that they put the stuff under some tree tops some distance from the house and left it there until the next evening, when they loaded it on a wagon and took it away.

The defendant introduced testimony in support of an alibi, and attacked the reputation of the accomplice for truth and veracity.

*Chambers & Black,* for appellant.—On the question of misconduct of jury: Mitchell v. State, 36 Texas Crim. Rep., 278, 36 S. W. Rep., 456; Blalock v. State, 62 S. W. Rep., 571; Sims v. State, 70 S. W. Rep., 90; McKissick v. State, 26 Texas Crim. App., 673, 9 S. W. Rep., 269.

On question of continuance: Johnson v. State, 114 S. W. Rep., 1178; Davis v. State, 65 S. W. Rep., 918.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of misconduct of jury: Austin v. State, 42 Texas, 355; Hawkins v. State, 27 Texas Crim. App., 273; Mitchell v. State, 36 Texas Crim. Rep., 278; Cox v. State, 28 Texas Crim. App., 92; Moore v. State, 36 Texas Crim. Rep., 88; Rockhold v. State, 16 Texas Crim. App., 577; McCulloch v. State, 35 Texas Crim. Rep., 268; Weatherford v. State, 31 Texas Crim. Rep., 530.

HARPER, JUDGE.—Appellant was convicted in the District Court of Red River County under an indictment charging him with burglary, and his punishment was assessed at confinement in the penitentiary for a term of two years.

The indictment in this case was presented and filed in the District Court of Red River County on the 3d day of December, 1902. On December 7, 1903, appellant not being under arrest, to avoid keeping the case on the court's trial docket, the district attorney thought it proper practice to request the trial judge to permit the clerk to place this indictment among papers, not to be carried forward on the trial docket until appellant's arrest; the district attorney made a verbal request so to do, which was by the court directed to be done.

Appellant presents two bills of exception, the first to the refusal of the court to quash the indictment, and the second is to the refusal of the court to arrest the judgment. Both bills are based on the matters stated above relative to the failure to bring the case forward on the docket each term. There is no merit in these contentions. The indictment was properly presented into court in 1902, and entered of record in the minutes. No order was ever made dismissing it, and having been presented by a grand jury, and received by the court, and entered on the minutes, it remained pending until it was either tried by the court or dismissed by the district attorney with the consent of the court. It is a matter of common practice, where defendants have not been arrested, to place indictments on the retired docket to be brought forward on the trial docket when the defendant is arrested.

Complaint is also made in bill of exceptions No. 4 of the refusal of the court to grant defendant a continuance in the cause. By all the witnesses named in the application for a continuance, defendant states he expects to prove that he was not living in a certain house where the stolen property was found, and the State would rely on the circumstance that the goods were found at a house where the accomplice would say he was residing, or had control of, to corroborate the accomplice. The judge, in approving this bill, states "that the stolen goods were not found in any house occupied by defendant, nor was there any testimony introduced showing that defendant had charge of or was in possession of the place where the goods were found." De-

fendant accepts this bill with its qualification, and files same, and is bound thereby.   Blain v. State, 34 Texas Crim. Rep., 448.   But if we examine the statement of facts we find this is not the corroboration relied on by the State, but the testimony of the witnesses Reynolds and Stephens, that they saw defendant and the accomplice loading the meat in a wagon the day after the burglary, is the testimony relied on by the State to corroborate the accomplice.

In another bill defendant alleges improper conduct on the part of the jury.   The allegation is made that when the jury first retired they stood six for conviction and six for acquittal.   That one of the jurymen, it being alleged to be W. C. Pinson, had stated in the jury room that the witness Reynolds "was a good man; he had known him for a long time, and he believed he was a Christian man."   The juryman who says this language was used in the jury room says he "spoke up and said the jury could not consider anything like that," and furthermore says that such statement did not influence him in arriving at a verdict, and that he reached a verdict by considering the testimony that was introduced at the trial, and nothing else.   Pinson testifies he used no such language, and all the jurymen introduced on the hearing of the motion for a new trial say that they were not influenced by anything other than the testimony adduced on the trial.   Two say that language of that kind was stated in the jury room, but they do not know who used it, while the others say there was not, but the jury is unanimous that such language did not influence any one of them in arriving at a verdict, and all on examination testified they were not acquainted with the witness Reynolds.   No juryman names or points out the man who used the language.   In approving this bill the judge trying the case says he gave it careful consideration, and that upon hearing the matter he found as a fact that there was no misconduct. In the absence of some one pointing out the juryman who used the language, and the man who is attempted to be pointed out denying it, and when all say that it did not influence their verdict, no such error is presented as calls for a reversal of the case.   Moore v. State, 36 Texas Crim. Rep., 88.

The appellant, in his second ground in his motion for a new trial, asserts that the court erred in permitting the district attorney to ask the witness John Dyer if he did not go to Jefferson as a witness for defendant when he was sent to the penitentiary from that town.   No bill of exceptions is in the record, and we can not consider this matter.

In his third ground appellant complains of the remarks of the district attorney in his address to the jury.   There is nothing in the record to show that the district attorney used such language, no request to instruct the jury to disregard it if he did use it, and in this condition of the record we can not review the matter.   In addition thereto, in his contest of the motion, the district attorney swears he did not use such language.

The testimony of the accomplice was corroborated.   The defendant

introduced testimony that he was at another and different place, and the court charged on his alibi. There is no complaint of the charge of the court, and we can not say the verdict of the jury is not supported by the testimony. The judgment is affirmed.

*Affirmed.*