LAWRENCE HALTOM v. THE STATE.

No. 10067.     Delivered     May     19, 1926.

Rehearing denied October 27, 1926.

Second Rehearing denied November 24, 1926.

**1.—Transporting Intoxicating Liquor—Statement of Facts—Time of Filing.**

A statement of facts, filed in the lower court more than ninety days after notice of appeal is given, cannot be considered by this court. This is an express provision of Art. 760, C. C. P. of 1925, which cannot be deviated from. The statement of facts in this cause having been filed more than ninety days after notice of appeal, same is, on motion of the state, stricken out.

2.—Same—Misconduct of Jury—Defendant's Failure to Testify—Discretion of Court.

Where appellant in his motion for a new trial complains of the misconduct of the jury in discussing the defendant's failure to testify, and evidence is heard in the trial court, and same is conflicting, the decision of the trial court on the point at issue is binding upon this court, in the absence of a showing that he abused his discretion. See Branch's Ann. P. C., Sec. 574. Following Shaw v. State, 32 Tex. Crim. Rep. 132, and other cases cited.

### ON REHEARING.

3 —Same—Misconduct of Jury—Discretion of Court.

On rehearing appellant urged that we erred in holding his bill of exception No. 13 not to show error in the alleged misconduct of the jury. The matter was passed upon by the trial judge in the light of the evidence before him, and we cannot discover any abuse of the discretion of the trial court, and the motion for rehearing is overruled.

### APPLICATION TO FILE SECOND REHEARING.

4.—Same—Second Rehearing—Refused.

Application to file motion for second rehearing is presented, which cannot be granted. The decisions of this court are uniform to the effect that the action of the trial court in refusing a motion for a new trial where there was a conflict in the testimony as to the misconduct of the jury, which was passed on by the trial court, will not be disturbed in the absence of a showing of abuse of the discretion of the court in passing upon the matter. Distinguishing Rees v. State, 278 S. W. 451.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*S. M. Adams* and *R. A. McAllister,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Nacogdoches County for unlawfully transporting intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the term of the trial court at which the appellant was convicted began on the 7th day of September, 1925, and ended on the 24th day of October, 1925, and that the appellant's motion for a new trial was overruled on October 1, 1925, at which time he gave notice of appeal and was granted ninety days after the adjournment of said court within which to file his bills of exception and statement of facts. The state-

ment of facts was filed on January 15, 1926, 109 days after the date of the notice of appeal, and under the new code said statement of facts should have been filed within ninety days from the date of giving said notice of appeal. See Art. 760, 1925 C. C. P. Also see Triggs v. State, No. 10082, decided by this court on April 28, 1926, and Bailey v. State, No. 10078, opinion rendered April 21, 1926, both cases unreported as yet.

The State's Attorneys with this court move to strike out said statement of facts on account of same being filed more than ninety days from the date of said notice of appeal, and under the statute and authorities, supra, we are forced to sustain said contention.

With the statement of facts thus eliminated, there is only one question left for our consideration, which is presented in bill of exceptions No. 13, wherein the appellant contends that the court erred in refusing to grant him a new trial for the reason, it is contended, that the jurors discussed the failure of the defendant to testify, and matters incident thereto, while deliberating upon their verdict. The trial court heard evidence upon said allegation, by having the jurors testify thereon, and from said testimony it is clearly shown that the testimony introduced on said issues was conflicting. Therefore, the decision of the trial court on the point at issue is binding upon this court in the absence of a showing that he abused his discretion. See Branch's Ann. P. C., Sec. 574, citing Shaw v. State, 32 Tex. Crim. Rep. 152, 22 S. W. 588; Adams v. State, 48 Tex. Crim. Rep. 552, 93 S. W. 116; Allen v. State, 62 Tex. Crim. Rep. 560, 138 S. W. 593, together with many other authorities therein cited.

To give this bill its most favorable construction in behalf of the appellant, we think the most that can be said is that the testimony only shows a mere allusion to the defendant's failure to testify, which, it has been many times held by this court, will not of itself cause a reversal when it is immediately thereafter called to the jurors' attention that they must not consider same under the charge of the court, as was true in this instance. See Branch's Ann. P. C., Sec. 569, citing Jenkins v. State, 49 Tex. Crim. Rep. 461, 93 S. W. 726; Howard v. State, 174 S. W. 607, and other authorities there collated.

Finding no reversible error in the record, the judgment of the trial court is in all things ordered affirmed.      *Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant raises but one question in his motion for rehearing, namely, that we erred in holding his bill of exceptions No. 13 not to show error in the alleged misconduct of the jury. We have again carefully examined said bill of exceptions. Appellant introduced one juror who testified to facts which would show misconduct. The state introduced a large number of the jurors who gave testimony contradictory to that of the witness introduced in behalf of appellant. In this condition of the record we deem ourselves well within the rule in holding that because of the conflict of testimony, the discretion of the trial judge in deciding same against appellant was not abused.

The motion for rehearing is overruled.

*Overruled.*

## APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING

LATTIMORE, JUDGE.—On the proposition that there is a conflict between our opinion in this case, and in what we said in Rees v. State, 278 S. W. 451, and that the latter case is right—appellant asks leave to file a second motion for rehearing. We find no such conflict. In the Rees case, supra, we said in the opinion that there was no denial of the alleged misconduct of the jury. In the instant case we say in the opinion that one juror on the hearing of the motion for new trial, affirmed misconduct; but many other jurors denied it. In the Rees case no issue was made of conflicting testimony; in the case before us there was such conflict.

The duty of this court to reverse the action of the trial court in refusing a motion for new trial where there was testimony of material misconduct which was not denied, was plain in the Rees case, but the application of the same duty as to the action of the trial court in the instant case, where one witness testified to misconduct and the remainder denied it, calls for an affirmance on our part.

The application for leave to file a second motion for rehearing will be denied.

*Motion denied.*