ROY GRUNDY v. THE STATE.

No. 13587. Delivered May 21, 1930.
Rehearing denied November 5, 1930.
Reported in 32 S. W. (2d) 194.

The opinion states the case.

*Taylor, Muse & Taylor* of Wichita Falls, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, Judge.—Offense, murder; penalty, twenty-five years in the penitentiary.

According to the State's testimony appellant shot June Hilburn three times with a pump shotgun on the streets of Wichita Falls. The State's testimony indicates that Hilburn was doing nothing at the time which justified· the appellant in his action, and without tediously reciting it, the evidence for the State makes out a case of murder.

Appellant's defense was insanity and he supported same with much cogent testimony, but the record as a whole presented a jury question whose finding we are without authority to disturb.

Appellant made application for a continuance to secure the testimony of Dr. Love by whom it was averred in substance that he could prove that the appellant's sister was insane at and prior to the time of her death and starved herself to death. The Court overruled this application and stated at the time that he would require the State to admit that the appellant's sister was insane at the time of her death as alleged, but refused to require an admission that she starved herself to death. His action in this regard is made the subject of appellant's Bill of Exception No. 1. Appellant correctly states the rule to be that to avoid an application for a continuance the State must admit not only that the witness will testify as stated in the application but that such testimony is true. Purvis v. State, 106 S. W. 355; Branch's P. C., Sec. 325. However, we regard the Court's announcement as having this effect. The real question was whether the sister of appellant was insane and we do not think the manner of her death could have added anything to the probative force of this admission. In our opinion the Court correctly overruled the application under the conditions above mentioned. McGrew v. State, 31 Tex. Crim. Rep. 339; Branch's P. C., Sec. 325.

The Court required a former wife of appellant, who appeared as a witness for him, to testify over objection that she had been married four times, three times before she married appellant. The statement of facts shows that this witness testified that she married appellant, by whom she had no children, but that she had five children at the time. We do not think that such a matter under these circumstances was so prejudicial as to require a reversal. It appeared that she had been married more than once from testimony introduced by appellant before this question was asked her and her explanation of her previous marriages placed her in a more favorable light before the jury in view of her testimony as to the number of children she had when she married appellant. No prejudicial fact was brought out and we fail to perceive how the mere fact of former marriages could have so prejudiced the witness in the eyes of the jury as to affect her credibility in the absence of any prejudicial fact being proven in connection with such testimony.

Jury misconduct is alleged, particularly in that it is alleged and shown that the remark was made in the jury room that appellant was a gambler, which was prior to the rendition of the verdict. Testimony raising this matter is in a somewhat muddled condition and is not entirely clear, but looking to the entire evidence, on motion for new trial, we regard it as raising an issue as to whether or not this remark applied to the appellant or to the deceased, June Hilburn. The action of the judge in overruling appellant's motion for a new trial amounts to an implied finding by the trial court against the truth of appellant's allegations of misconduct and if there is sufficient evidence to justify his action, his decision thereon will not be disturbed on appeal. Shaw v. State, 32 Tex. Crim. Rep. 155; Adams v. State, 48 Tex. Crim. Rep. 452; Allen v. State, 138 S. W. 593. For further authorities, see Branch's P. C., Sec. 574. Under our view of the record an issue was presented as to the truth of the allegations made by appellant as to jury misconduct and there being evidence to support a finding adverse to appellant, the same will not be disturbed.

It is further claimed that there was error in certain prejudicial arguments made to the jury by prosecuting attorneys. The one apparently most vigorously urged here is the following language shown to be used by private prosecutor, Honorable H. F. Weldon:

"He was my friend. I knew June Hilburn. I am not ashamed to confess that. I can see his mother in Heaven, as she looks to you and asks that you do justice to him."

Appellant cites the case of Wes Ayres v. State, from Cherokee County, opinion handed down April 30, 1930, in which the unsworn statement of the District Attorney of a fact outside of the record was held to be reversible error and it seems to be contended here that prosecutor Weldon made a statement of a prejudicial fact not under oath. We agree with appellant that if private prosecutor had the vision he says he did he shouldn't have divulged his heavenly secret to the jury without having his conscience subjected to as binding an oath as the law could require. We are not able to believe, however, that any jury would seriously think that a lawyer in an ordinary murder case would suddenly lift himself to the spiritual plane of that galaxy of saints mentioned in the Bible and be permitted to peer into that "mysterious bourne from which no traveller has ever returned." To hold that jurors would accept literally as true such a statement would be to impute to them a childish credulity that in this age we know they do not possess.

The jurors undoubtedly knew, as we know, that the statement was a mythical word picture, not intended to be taken literally. Such appeals are not uncommon and do not furnish a sufficient basis for reversal, in the absence of something ·more prejudicial than what this contains.

We have examined all the contentions of appellant and finding no error in any of them, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The soundness of several of the announcements made in the original opinion is challenged in the motion.

The former wife of the appellant (Mrs. Ruth Grundy) was called by him as a witness and gave testimony favorable to the accused on the issue of insanity. It appears from her testimony that she was the wife of the appellant for about four years but was divorced from him a short time before the homicide. She detailed many incidents upon which she based her conclusion that he was insane to a degree that he did not know right from wrong. The length of her testimony, as found in the statement of facts, renders a recital of it in detail impracticable. However, on her direct examination she testified that she had five children by a former husband and on cross-examination she said that she had been married four times. The subject of the witness' marital relations and the number and paternity of her children having been opened by the appellant, the contention that the inquiry as to the number of times that she had been married was not proper cross-examination seems untenable. The propriety of the inquiry into the antecedents of a witness by showing his occupation, social connections, manner and place of living, and the like have often been affirmed. See Underhill's Crim. Evidence, 3rd Ed. sec. 389; Ruling Case Law, Vol. 28, p. 629, sec. 199; also McLeod v. State, 75 S. W. 522, and other cases collated in the notes to the case of People v. Bond, reported in Amer. Law Rep. Vol. 1, p. 1397. It may be added, however, that the bill of exception fails to show either in detail or in substance the nature or purport of the testimony of the witness in behalf of

the accused. Such omission leaves this court without recitals from the bill upon which to determine the merits.

Several witnesses, some of whom were friends of the accused, testified upon the issue of insanity and related circumstances which might well have been the basis of a lunacy complaint against him. The failure to institute such proceeding was a proper subject of comment by counsel for the State as combatting the evidence of insanity. Nor is it thought that the verbiage of the remarks is justly subject to the criticism which the appellant urged against it. It may be added, however, that the bill does not show that lunacy complaints were not established nor does it present any other background which would justify this court in treating the remark as an adequate ground for reversal. Among the statutory grounds for a new trial is C. C. P. Art. 753, subd. 7, which subdivision reads:

"Where the jury, after having retired to deliberate upon a case, have received other testimony."

It is an established rule that when, as in the present case, it is claimed that the statute mentioned was transgressed and on the hearing before the trial court there is conflict of evidence, the finding of the trial court is conclusive on appeal. See Barnard v. State, 87 Tex. Cr. R. 365; Kirby v. State, 96 Tex. Cr. R. 590.

In his motion for rehearing appellant stresses his contention that in its retirement the jury heard evidence from one of its members that the appellant was a gambler and from another that he looked like a dope fiend. If there be conflict, in the evidence, the finding of the trial court against the accused is conclusive here. The conduct of the trial, as shown by the record, justified the juror in referring to the subject of the appellant's vocation. When interrogated about the vocation of the accused, his former wife used the following language:

"As to whether or not he was a gambler, just what do you mean, there are different kinds of gamblers; you mean one who shoots dice or plays poker principally for a livelihood, Mr. Grundy has not played cards since one year ago in February; he played cards at one of his friend's house in February, and so far as I know he has not touched a card since that time. I never saw him shoot any dice in his life."

Several of the jurors specifically denied that there had been any statement during the deliberations of the jury that the appellant was a gambler. Some of them said that there were statements that he had a cousin who was a gambler, and several of them said that the

deceased was a gambler. There was much evidence given on the subject of insanity going to show the conduct of the accused as variant from what would be expected of a person of his normal faculties. There was evidence of his intoxication. At most on the subject, the record here shows that some juror said that the appellant looked like he was insane, and another said that he looked more like he was a "dope" fiend. Upon this subject there was conflict of evidence. Granting the truth of it, however, it is not regarded as violative of the statute in question. It was more in the nature of a permissible argument incident to the discussion among the jurors. See Jack v. State, 20 Tex. Cr. App. 656; Straley v. State, 106 Tex. Cr. R. 130.

The motion is overruled.

*Overruled.*

HAWKINS, J., absent.