Opinion delivered June 5, 1886.

---

[No. 3675.]

## J. D. NANCE *v.* THE STATE.

1. JURISDICTION OF THE DISTRICT COURT—CONSTITUTIONAL LAW—CASES APPROVED.—The district court of this State has jurisdiction to try an indictment which charges a felony.that includes a misdemeanor, and to proceed to judgment not only as to the felony, but as to any lower grade of offense of which the verdict may find the accused guilty. This doctrine is not, as contended by the appellant, in conflict with the provisions of our State Constitution. Note the opinion for an approval upon this question of Harberger's case, 4 Texas Court of Appeals, 26; Ingle's case, Id., 91, and Montgomery's case, Id., 140.

2. JURY LAW—NEW TRIAL.—The mere fact that a juror conversed with a person not a juror about the case, pending the deliberation of the jury upon the case, does not, as a matter of course, entitle the defendant to a new trial, even in a felony case. It must be made to further appear that the defendant probably suffered injustice by means of the juror's im-

proper conduct. The record in this case fails to disclose the substance of the conversation complained of, wherefore this court can not hold that the trial court abused its discretion in refusing the new trial applied for.

APPEAL from the District Court of Eastland. Tried below before the Hon. T. B. Wheeler.

· The indictment in this case charged the appellant with an assault with intent to murder one Dave H. Hickman, in Eastland county, Texas, on the fifth day of May, 1884. His trial resulted in his conviction of an aggravated assault, and the penalty assessed against him was a fine of two hundred and ninety-one dollars.

The transcript brings up no statement of facts.

*Fleming & Moore* filed an able brief and argument for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WILLSON, JUDGE. The exception to the jurisdiction of the court is not a sound one. The indictment charged a felony which included a misdemeanor. A felony being charged, the district court had jurisdiction to hear and determine the case, not only as to the felony, but as to any lower grade of offense which the proof might develop. It is expressly so provided by the statute, and we cannot perceive that such provision is in conflict with the Constitution, as contended by defendant's counsel. (Code Crim. Proc., Art. 69.) Such has been the holding of this court in several cases in which this question has been presented. (Harberger v. The State, 4 Texas Ct. App., 26; Ingle v. The State, Id. 91; Montgomery v. The State, Id. 140.)

That two of the jurors conversed with a person not a juror about the case, pending the deliberation of the jury upon the case, does not necessarily entitle the defendant to a new trial even in a felony case. It must be made further to appear that by reason of such improper conduct, injustice was probably done the accused. In March v. The State, 44 Texas, 64, it is said that the conversation of a juror with a person not a juror, must be such as was calculated to impress the case under consideration upon the mind of the juror in a different aspect from the one made upon the mind from hearing the evidence, or of such a

nature as was calculated to result in harm to the party on trial, or the conversation will not be a ground for new trial.

In the case before us the record fails to disclose what the conversation was. It may have been such as was calculated to and did operate beneficially, instead of prejudicially to the defendant. As the matter is presented to us, we can not say that the court abused its discretion in overruling the motion for a new trial.

There is no error in the conviction, and it is affirmed.

*Affirmed.*