### DAVID ROBLES v. THE STATE.

No. 1144. Decided June 23, 1897.

1. **Indictment—Burglary and Receiving Stolen Property—Felony and Misdemeanor Counts—Jurisdiction.**

Where an indictment contains two counts, one for burglary, which is a felony, and one for receiving stolen property worth $4, which is a misdemeanor, and the verdict of the jury acquitted the defendant of the burglary, but found him guilty upon the second count of receiving stolen property worth $4; and judgment was rendered accordingly; Held, the judgment was erroneous. The District Court could not acquire jurisdiction of the separate and distinct misdemeanor offense, for receiving stolen property, simply by reason of the fact that burglary had been charged in another count in the same indictment.

2. **Same—Jurisdiction.**

Where an indictment charges a felony and a separate and distinct misdemeanor in separate counts, the acquittal of the felony ends the jurisdiction of the district court.

3. **Same—Lesser Degrees.**

But where an indictment charges a felony, consisting of lesser degrees, the district court would retain its jurisdiction, and could render judgment, though the offense established was a misdemeanor. In such case, the averments in the indictment showing a felony will alone confer the jurisdiction upon the district court.

APPEAL from the District Court of Webb. Tried before Hon. A. L. McLean.

Appeal from a conviction for fraudulently receiving eight bushels of corn, worth $4; penalty, nine months imprisonment in the county jail.

No statement necessary.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of fraudulently receiving eight bushels of corn, worth $4, knowing the same to have been stolen. The indictment contains two counts; the first charging burglary,

and the second fraudulently receiving the said $4 worth of corn. The first count charges a felony; the second, upon its very face, and by its terms, sets forth a misdemeanor. This being true, the District Court had no jurisdiction of the offense set forth in the second count. The District Court could not acquire jurisdiction of the misdemeanor averred in said second count by reason of the fact that a felony had been charged in the first count. The acquittal of the appellant under the count charging burglary left the indictment charging only a misdemeanor as a separate and distinct count, and, this being true, the jurisdiction of that court was terminated. If the indictment charges a felonious theft, embezzlement, swindling, receiving or concealing stolen property, and on the trial the proof fails to show a felony, a misdemeanor conviction can be had. In that character of case the jurisdiction of the District Court, having attached by reason of the felony charge, would not be lost by reason of a failure of the proof to sustain such felony. The averments of the indictment in that case showing a felony would confer jurisdiction upon the district court, and would exclude jurisdiction of the county court to entertain the indictment. The District Court having acquired jurisdiction in such character of case, could retain it to its final termination. To hold otherwise would lead to interminable confusion. Hence we have held, and still hold, that the district court has jurisdiction of an indictment charging a felony, and can try the cause, and, if the proof of the value is sufficient to show a felony, the conviction would be legal, and, having so acquired jurisdiction, that court is authorized to sustain the conviction, though it be for a misdemeanor. We have never held that, where an indictment charges nothing but a misdemeanor by its terms, the district court had jurisdiction to try the accused, except in those counties where the Legislature has deprived the county court of such jurisdiction, and conferred it upon the district court. Where that has been done, of course the district court would have jurisdiction, because the Legislature has authority, by constitutional provision, to change the jurisdiction of the county court, and confer it upon the district court. We are not here discussing cases involving official misconduct.

Because the court did not have jurisdiction to try the accused of the misdemeanor set out in the second count of the indictment, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*