### Luther Hughes v. State.

No. 2098.    Decided December 4, 1912.

Rehearing Denied January 22, 1913.

**1.—Assault to Murder—Aggravated Assault—Jurisdiction—Statutes Construed.**

Where defendant was charged with assault to murder and was convicted of aggravated assault and a new trial granted, the District Court retained jurisdiction, and a motion to transfer the case to the County Court was correctly overruled. Articles 89, 98, 771, 843, 945, Code Criminal Procedure construed.

**2.—Same—Jury and Jury Law—Challenge.**

Where the jurors did not disqualify themselves on their voir dire and were strictly examined under Article 692, Code Criminal Procedure, there was no challenge for cause.

**3.—Same—Evidence—Reproduction of Testimony—District Attorney—Bill of Exceptions.**

Where the proper predicate was laid, there was no error in admitting the testimony of a non-resident witness given at an examining trial, although the same was reduced to writing by the district attorney, the same having been read to the witness and signed by him; besides, the bill of exceptions was insufficient in not specifying what part of the testimony was objectionable as hearsay, as part of the testimony was admissible.

**4.—Same—Evidence—Predicate—Absent Witness.**

Upon trial of aggravated assault, there was no error in admitting testimony as to the absence of a State's witness beyond the jurisdiction of the court, and the death of another State's witness, as a predicate to the reproduction of that testimony.

**5.—Same—Evidence—Death of Witness—Hearsay.**

Where, upon trial of aggravated assault, the State, in laying a predicate for the absence of the assaulted party, was permitted to show that a relative of said party had received a letter from another relative showing that said assaulted party was dead, there was no error, as hearsay evidence is admissible in such cases.

**6.—Same—Evidence—Bill of Exceptions—Reproduction of Testimony.**

Where, upon trial of aggravated assault, the bill of exceptions did not show that the testimony on a former trial as to declarations of a third party was inadmissible, and that if the court looked to the whole record on appeal that it was admissible, there was no error.

**7.—Same—Evidence—Bill of Exceptions—Reproduction of Testimony.**

Where the bill of exceptions showed objections to the reproduction of certain testimony but not as statements of facts as approved by the court, the same could not be considered on appeal; besides the record showed the proper predicate for the reproduction of the testimony of a dead witness.

**8.—Same—Evidence—Letter—Non-resident Witness.**

Where it was clearly shown that an absent State's witness was a non-resident by other testimony than the letter of said witness to the district attorney with reference to his non-residence, there was no error.

Appeal from the District Court of Potter. Tried below before the Hon. Jno. W. Veale, Special Judge.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and twenty-one months confinement in the county jail.

The opinion states the case.

*Cooper, Merrill & Lumpkin,* for appellant.—On question of jurisdiction: Robles v. State, 38 Texas Crim. Rep., 81.

On question of challenge of jurors: Randall v. State, 34 Texas Crim. Rep., 43; Shannon v. State, id, 5.

On question of admitting testimony of declarations of third party: Hughes v. State, 62 Texas Crim. Rep., 288.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of jurisdiction: Nance v. State, 21 Texas Crim. App., 457; Harberger v. State, 4 id, 26; Ingle v. State, 4 id, 91; Montgomery v. State, 4 id, 140.

On question of challenge of juror: Suit v. State, 30 Texas Crim. App., 319; Steagald v. State, 22 id, 464; Johnson v. State, 21 id, 368; Kennedy v. State, 19 id, 618.

PRENDERGAST, JUDGE.—Appellant was indicted for an assault with intent to murder. In the first trial he was convicted of an aggravated assault. That conviction on appeal was reversed by this court and is reported in 62 Texas Crim. Rep., 288.

A sufficient statement is made on the former appeal to render it unnecessary to further restate the case on this appeal.

When the cause was called in the District Court for this trial the appellant made a motion to transfer the case to the county Court, contending that as appellant now could be tried and convicted only of an aggravated assault, which is a misdemeanor, that the District Court no longer had jurisdiction to try the case. The court correctly overruled this motion, holding that the District Court had jurisdiction to try it. Appellant cites us to the provisions of the Constitution giving County Courts and not District Courts jurisdiction of certain misdemeanors and the statute, Code Criminal Procedure, Article 98, stating that the County Courts shall have exclusive original jurisdiction of misdemeanors, except those involving official misconduct, where the highest penalty or fine that may be imposed exceeds $200, and the

case of Robles v. State, 38 Crim. Rep., 81. In our opinion the Constitution and statutory provision cited by appellant are not in point.

Our Constitution gives the District Court exclusive jurisdiction in all criminal cases of the grade of felony. The indictment in this case was for a felony. Under our law, both statutory and decisions, where an offense charged by indictment is for a felony, but it consists of different degrees, the jury may find the defendant not guilty of the higher but guilty of any inferior grade and in such case the District Court originally having exclusive jurisdiction, has it also for a lesser degree, though a misdemeanor. Code Criminal Procedure, Article 771. Again Article 89, Code Criminal Procedure, is: "Upon the trial of a felony case, whether the proof develop a felony or a misdemeanor, the court shall hear and determine the case as to any degree of offense included in the charge." Then Article 843, Code Criminal Procedure, is: "The effect of a new trial is to place the cause in the same postion in which it was before any trial had taken place." And Article 945, Code Criminal Procedure, is: "Where the Court of Criminal Appeals awards a new trial to the defendant, the cause shall stand as it would have stood in case the new trial had been granted by the court below." The case of Robles, supra, cited and relied upon by appellant, we think is in point against his contention. In that case there were two counts in the indictment. One for a felony, the other for a misdemeaor. The report of the case does not indicate whether appellant had been tried formerly for the felony and acquitted, or whether the State abandoned that and tried it on the misdemeanor count only, but the opinion holds, in effect, that however the felony count was disposed of that it left only a misdemeanor count on which the case could be tried and the District Court had no jurisdiction. The opinion in that case on this point is: "If the indictment charges a felonious theft　*　*　*　and on the trial the proof fails to show a felony, a misdemeanor conviction can be had. In that character of case the jurisdiction of the District Court, having attached by reason of the felony charge, would not be lost by reason of the proof to sustain such felony. The averments of the indictment in that case showing a felony would confer jurisdiction upon the District Court; and would exclude jurisdiction of the County Court to entertain the indictment. The District Court having acquired jurisdiction in such character of case, could retain it to its final termination. To hold otherwise would lead to interminable confusion." To the same effect is Nance v. State, 21 Texas Crim. App., 457, and cases therein cited.

Appellant also contends that the court erred in holding two of the jurors competent and in not sustaining his challenge for cause thereof. The two bills presenting these questions, as a whole, show that these jurors were qualified and did not disqualify themselves on their voir dire examination, strictly in accordance with our statute and the decisions thereunder, Article 692, Code Criminal Procedure, Subdivision 13, and decisions cited thereunder. Appellant, in oral

argument, conceded that the statute and decisions are against him, but contended that they were wrong and that this court should so hold. In our opinion the statute and the decisions are right and we have no disposition to hold otherwise.

By another bill it is shown that when this offense was first charged against appellant he had an examining trial at which he was present, represented by an attorney, and cross-examined, or had the opportunity to cross-examine the witnesses against him. On that trial a witness by the name of W. R. Lewis testified. This testimony was identified, proven up in full and offered in evidence on the trial. Appellant objected to the whole of it: 1. Because it is not shown that the witness was a non-resident of the State and at the time of the trial was residing beyond its limits; 2. A portion of said testimony was hearsay and not in the presence of the defendant and could not be binding upon him; 3. That the testimony was written down by the district attorney at the time and not correctly so. The court, in approving the bill, explained it and stated that while the testimony was written down by the district attorney it was fully and correctly so written, and was afterwards read over to, or read by the witness and signed by him. It will be noticed that appellant's objections were mere objections,—not approved as facts by the court. Unquestionably part of the testimony was admissible. If we could look to the record outside of appellant's objections, the proof was clear that the witness had removed and was residing permanently beyond the jurisdiction of this State and in the State of California. This bill shows no error whatever. The witness, being beyond the jurisdiction of the court, his testimony given at the examining trial, properly proven up, was admissible against appellant. Robertson v. State, 63 Tex. Crim. Rep.. 216, 142 S. W. Rep., 533. A part of the testimony being admissible, when the objections were to the whole and did not specify nor single out that part of the testimony which was claimed to be hearsay, presents no error. Tubb v. State, 55 Texas Crim Rep., 606; Cabral v. State, 57 Tex. Crim. Rep., 304, 122 S. W. Rep., 872; Payton v. State, 35 Texas Crim. Rep., 508; 1 Thompson on Trials, Sec. 696.

Appellant is not correct in his contention that proof of the fact of the absence out of the State of said witness Lewis, and the death of the assaulted party, Short, could not be shown before the jury as a reason why they were not present in person and did not testify, for the jury had the right to know why the written evidence on a former trial of these witnesses was read before them instead of the witnesses themselves being introduced.

Neither is appellant's contention that Ed Short, the half brother of A. B. Short, the assaulted party, could not show that he had a letter from his father,—who was also the father of A. B. Short, and who was a resident of Kentucky,—that said A. B. Short was dead, on the ground that it was hearsay, irrelevant, and immaterial. Such hearsay evidence is admissible to prove death when between members

of the same family, and thereby establish death, it being shown by this witness that he had continuously for years lived in Texas and that his said half brother, A. B. Short, resided with his father in Kentucky, where the death occurred. 1 Whart. Crim. Ev., sec. 236-7, sec. 225, bottom of p. 453, and note 24 on that page; Mason v. Fuller, 45 Vt. 29.

By another bill appellant objected to this specific portion of the reproduced testimony of said Lewis: "On the night the assault happened Jno. Luidders was there in the hall and he asked me who did it and I hesitated and Mr. Hughes, Sheriff, told me to tell it, and I did and told him how it happened and Mr. Hughes asked which way Luther went and I told him." The bill attempting to raise the question is very meagre, does not comply with the rules of the court in that it does not of and within itself make a sufficient statement of the facts to show to this court whether or not error was commited in admitting this testimony. The objections to it were that it was hearsay, the declaration of a third party, not in his presence and that by it it was sought to bind appellant by the opinion of his father as to his presence and was irrelevant, immaterial, and highly prejudicial to him. This matter, as now presented, is wholly different from what occurred and was shown on the previous appeal of this case on this same subject. A reading of the decision on the former appeal will show that what was objected to then was the examination of this witness Lewis on the stand in the trial of that case. The questions, answers, objections and statements by the court are all shown therein and substantially recited in the opinion, but the matter is presented altogether differently in this trial. The State on this trial did not attempt to reproduce the testimony of the witness on the former trial in the District Court, nor what then occurred, but instead, reproduced and introduced his written testimony taken down on the examining trial, the whole of which is shown by one of appellant's bills on this appeal. As the matter is presented in this bill it shows no error. If we could look to the other bill and the record, it would show that this witness in giving his testimony on the examining trial identified appellant as the party who committed the assault, and that this testimony objected to was for the purpose of refreshing the recollection and previous statement by the witness of his identification of appellant as the party who committed the assault, and, not as contended for by appellant, indirectly thereby getting the opinion of his father that it was the father's opinion that it was appellant who committed the assault and not his brother Lucien. So that as to this bill, we say: First, that the way the matter is presented by it, it is not shown thereby that the testimony was inadmissible; second, that if we could look to the whole record and the other bill it would show that the testimony was admissible, not as seeking and getting the father's opinion that it was appellant and not his brother who had committed the assault, but refreshing the witness in his testimony that

he, the witness, identified appellant as the party who committed the assault.

Appellant contends by another bill, in his objections only, that it was not shown that A. B. Short, the assaulted party, was dead, nor was it shown that he was a non-resident of the State, as a preliminary question to the reproduction and introduction in evidence of the testimony of said Short given on a previous trial of this case. The bill shows that these were objections and not statements of facts as approved by the court. The facts are that it was both shown clearly and sufficiently that the assaulted party, A. B. Short, had been a resident of Kentucky; that he was only in Texas a few weeks at the time of the assault and that after he sufficiently recovered he went back to Kentucky, the State of his residence, remained there until the former trial of this case and then came, at the instance of the State, and testified therein; that soon after that trial he returned to and remained a resident of Kenutcky, until he died not a great while before the trial of the case at this time. Therefore, the testimony was admissible and was fully reproduced by the stenographer, who took it down on the previous trial of this cause.

The only other bill is one claiming that the court erred in permitting in evidence the letter of said witness Lewis to the district attorney in answer to a letter to said witness from the district attorney, addressed to the witness at his residence in Los Angeles, California, wherein the said witness stated that he could not,—and the reasons why,—go from his then home in California to Amarillo to testify as a witness. The admission of this letter could in no way have effected the result of the trial. It was clearly and conclusively shown that this witness, after the other trial of this cause, had removed from Amarillo to Los Angeles, California, as his permanent place of residence, and that he had continuously remained there and claimed California as his residence and was seen and identified by witnesses, in Los Angeles, who testified on this trial, shortly before this trial. The letter, even if inadmissible, could not result in any injury to appellant.

There being no reversible error shown the judgment is affirmed.

*Affirmed.*

[Rehearing denied January 22, 1913.—Reporter.]