## I. R. WILLIAMS v. THE STATE.

No. 20289. Delivered March 22, 1939.

The opinion states the case.

*M. W. Burch,* of Decatur, and *John L. Poulter,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—This is the second appeal of this case, the former appeal being found in 133 Texas Crim. Rep. 536, 112 S. W. (2d) 475. In this case appellant was found guilty of an

aggravated assault, and his punishment assessed at a fine of $35.00.

In his brief he complains because of the fact that he having been heretofore convicted of an assault to murder without malice, that upon this, his second appeal, he could only be tried for some kind of an assault without malice. That because of the peculiar wording of the indictment, he being therein charged with unlawfully, with his malice aforethought, making an assault upon O. Z. Thorrel with intent to *kill* the said O. Z. Thorrel,—that upon his former jury finding him guilty of such assault without malice, that that portion of the indictment was thereby eliminated from this case. That because of its thus being obliterated from the criminal charge, there is left naught but a charge of an assault to kill, which is an offense not known to the law, and therefore his motion to quash the indictment should have been granted.

His reasoning is rather involved, but suffice it to say that he further admits, however, that it is necessary to eliminate the phrase "with malice aforethought" before his reasoning applies, but does contend that the former verdict of an assault without malice operates to thus eliminate such phrase. In this we can not agree. The degrees of murder have been eliminated by our Legislature when they enacted the present voluntary killing statute, and since said time we have consistently held that a conviction for murder without malice, in the event of the granting of a new trial, did not operate as an acquittal of murder with malice. See Herrera v. State, 36 S. W. (2d) 515; Ex Parte Conway, 37 S. W. (2d) 1017; Chappell v. State, 61 S. W. (2d) 842; Hill v. State, 69 S. W. (2d) 409.

Appellant's attorney also admits that an allegation that an assault to kill with malice charges an offense known to the law. Our statutes and decisions hold that a charge for an assault to murder carries with it a charge of all inferior degrees of an assault. See Art. 695, C. C. P.

We therefore think that the appellant was properly charged with the offense for which he was convicted, and that appellant's motion should have been overruled.

Appellant filed a motion for a continuance of this cause on account of the absence of certain witnesses, which was by the court overruled. We find no bill of exceptions in the record relative to the ruling of the trial court thereon, and same can not be considered.

In a misdemeanor case no sentence is necessary, and there-

fore the attempt to sentence appellant, found in the transcript, is a nullity.

Perceiving no error in the record, the judgment is affirmed.