

**OFFICE OF**

# THE ATTORNEY GENERAL

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

January 29, 1948

FAGAN DICKSON
FIRST ASSISTANT

Hon. Geo. H. Sheppard,
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-490

Re: Whether the offense of driv-
ing while intoxicated under
Art. 802b, V.P.C., is a re-
ducible or non-reducible
case with relation to the
fees to be paid sheriffs and
other officers.

Dear Sir:

We refer to your recent request in which you
submitted the following question:

"Is the offense 'driving while in-
toxicated' as per Article 802b, Vernon's
Penal Code, a reducible or a non-reduci-
ble case in regard to payment of fees,
by the state to sheriffs and other offi-
cers in felony cases?"

Article 47, V.P.C. is, in part, as follows:

"An offense which may--not must--be
punishable by death or confinement in the
penitentiary is a felony; every other of-
fense is a misdemeanor."

Article 55, C.C.P., provides that:

"Upon the trial of a felony case,
the court shall hear and determine the
case as to any grade of offense included
in the indictment, whether the proof shows
a felony or a misdemeanor."

The terms "reducible" and "non-reducible"
cases have been defined by this Department in Opinion No.
0-7471, as follows:

"Where a person is charged with the commission of an offense of the grade of felony, whether by complaint filed in an examining court or by indictment in the District Court, and under the law the only punishment which may be assessed is death or confinement in the State penitentiary, such an offense is a "non-reducible" one.

"A 'reducible case' is also one of the grade of felony, but under the law and the indictment the defendant may be found guilty of a felony and sentenced to death or to serve a term in the State penitentiary, or may be found guilty of a misdemeanor. For example, murder. A person indicted for murder, a felony, may be found guilty of an aggravated assault, a misdemeanor."

There is also another class of "reducible cases," which embraces all felony cases where the law fixes the punishment at confinement in the State penitentiary or a fine or imprisonment in the county jail, or by both such fine and imprisonment in the county jail. In such cases if the defendant upon conviction is assessed a fine or imprisonment in jail, or both such fine and imprisonment in jail, he has been convicted of a felony -- not a misdemeanor.

Prior to 1941 Article 802, V.P.C., provided as follows:

"Any person who drives or operates an automobile or any motor vehicle upon any street or alley or any other place within the limits of any incorporated city, town, or village or upon any public road or highway in this State while such person is intoxicated, shall be confined in the penitentiary for not more than two (2) years, or be confined in jail for not less than thirty (30) days nor more than ninety (90) days, or fined not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500) or be punished by both such fine and

imprisonment in jail."

It is apparent upon reading the above, that prior to the year 1941 the offense of "driving while intoxicated" was a felony and a reducible case.

However, this Act was amended in 1941 and now reads as follows:

"Art. 802.  Driver intoxicated or under influence of intoxicating liquor.
"Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor, and upon conviction, shall be punished by confinement in the County Jail for not less than ten (10) days nor more than two (2) years, or by a fine of not less than Fifty Dollars ($50) nor more than Five Hundred Dollars ($500), or by both such fine and imprisonment."

Article 802b, which was also enacted in 1941, is as follows:

"Art. 802b.  Subsequent offense of driving while intoxicated; felony.
"Any person who has been convicted of the misdemeanor offense of driving or operating an automobile or other motor vehicle upon any public road or highway in this State or upon any street or alley within an incorporated city, town or village, while intoxicated or under the influence of intoxicating liquor, and who shall thereafter drive or operate an automobile or other motor vehicle upon any public road or highway in this State or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a felony and upon

conviction be punished by confinement
in the penitentiary for any term of
years not less than one (1) nor more
than five (5)."

Under the present law it is obvious that
before the offense of "driving while intoxicated" may
be a felony, there must have been a prior conviction
for the same offense.  Also, the indictment must charge
a prior conviction, together with a subsequent offense
of driving while intoxicated before the District Court
could acquire jurisdiction of the case, since it has no
jurisdiction of misdemeanor cases.  If, however, the
indictment alleged a prior conviction and the proof
would not sustain that part of the indictment, the Dis-
trict Court would still retain jurisdiction of the case,
although the defendant could be convicted only of a mis-
demeanor.  Article 55, C.C.P.; Robles v. State, 41 S.W.
620; Hughes v. State, 152 S.W. 912.

Therefore, by virtue of the foregoing, it
is the opinion of this Department that the offense of
"driving while intoxicated" under Article 802b, Vernon's
Penal Code, is a reducible case in regard to payment of
fees to sheriffs and other officers in felony cases.

## SUMMARY

The offense of "driving while in-
toxicated" under Article 802b, V.P.C.,
is a reducible case in regard to pay-
ment of fees to sheriffs and other
officers in felony cases.

Yours very truly,

APPROVED:                          ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*

FIRST ASSISTANT                    By *Bruce Allen*
ATTORNEY GENERAL                       Bruce Allen
                                       Assistant

BA:mw:wb