Wayne Lamar BRUCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 40626.

Court of Criminal Appeals of Texas.

Oct. 25, 1967.

Frank S. Wright, Henry J. Novak, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Charles P. Caperton and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The appellant was charged by indictment with felony theft. On motion of the state, the offense was reduced to misdemeanor theft.

The appellant entered a plea of guilty and waived his right to trial by jury. The trial court found the appellant guilty of misdemeanor theft and assessed his punishment at one year in jail.

The record reveals that the appellant was represented by counsel at the trial; that said counsel signed the motion for new trial, and was present when it was heard and overruled and notice of appeal given.

The appellant raises for the first time in his brief filed in the trial court, the question of whether he knowingly and intelligently waived his constitutional right of trial by jury.

No transcript of evidence accompanies the record.

The judgment recites, among other things, that the appellant "appeared in person and his counsel also being present * * * announced ready for trial, and the Defendant in person and in writing in open Court having waived his right of trial by jury * * * was duly arraigned and in open Court pleaded guilty * * * was admonished by the Court of the consequences of the said plea * * * persisted in entering said plea, and it plainly appearing to the Court that the defendant is same and that he is uninfluenced in making said plea * * * said plea was accepted by the Court * * *."

The sentence recites in part that the appellant appeared, " * * * his counsel also being present * * * and he answered nothing in bar" of pronouncement of sentence.

■ When the jurisdiction of a district court is invoked by the return of an indictment charging a felony offense which includes a misdemeanor, and upon motion of the state the charge is reduced to a misdemeanor, the defendant may elect to waive a jury and plead guilty before the court. The jurisdiction of the district court, having attached by reason of the felony charge, the district court retains jurisdiction of the case to its final determination. 1 Branch 2d 313, Sec. 274; Hughes v. State, 68 Tex. Cr.R. 584, 152 S.W. 912; Mock v. State, 164 Tex.Cr.R. 335, 298 S.W.2d 583.

■ Upon a plea of guilty in a misdemeanor case the defendant may demand a jury or if he does not, the punishment may be assessed by the court, either upon or without evidence, at the discretion of the court. Art. 27.14 Vernon's Ann.C.C.P.; White v. State, 154 Tex.Cr.R. 498, 228 S. W.2d 183; Mock v. State, supra; Carter v. State, Tex.Cr.App., 400 S.W.2d 571.

■ While the district court judge was free to follow misdemeanor procedure and compliance with Art. 1.13 V.A.C.C.P. regarding the waiver of a jury was not re-

quired after the offense was reduced to a misdemeanor, the better practice would be to follow the procedure required in felony cases (Art. 1.13 et seq. V.A.C.C.P.).

In light of the record, the ground urged for reversal does not present error.

All of the proceedings appear to be regular.

The judgment is affirmed.