

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 30, 1976

The Honorable Emory C. Walton
Criminal District Attorney
Eastland County
Eastland, Texas   76448

Opinion No. H-815

Re: Jurisdiction of the
county and district courts
in Eastland County.

Dear Mr. Walton:

You have requested our opinion on a number of questions
regarding the jurisdiction of the district and county courts
of Eastland County.

In 1951, the Legislature transferred a portion of the
criminal jurisdiction of the county court of Eastland County
to the district court.  Article 1970-141a, V.T.C.S., provides
in pertinent part:

> Section 1.  The County Court of
> Eastland County shall retain and con-
> tinue to have and exercise the general
> jurisdiction in matters of eminent
> domain, general jurisdiction of probate
> courts, and all other jurisdiction now
> or hereafter conferred by the Consti-
> tution and laws of this State, except
> as is hereinafter provided, and shall
> retain all jurisdiction and power to
> issue all writs necessary to the
> enforcement of its jurisdiction, and
> to punish contempts; but said County
> Court shall have no civil jurisdiction
> and no criminal jurisdiction except
> jurisdiction to receive and enter
> pleas of guilty in misdemeanor cases,
> and except as to final judgments
> referred to in Section 2 hereof.

> Sec. 2. The District Court having jurisdiction in Eastland County shall have and exercise jurisdiction in all matters and cases of a civil nature and in all matters of a criminal nature, except as to such jurisdiction that the County Court has to receive and enter pleas of guilty in misdemeanor cases as is provided in Section 1 hereof, whether the same be of original jurisdiction or of appellate jurisdiction, over which, by the general laws of the State of Texas now existing and hereinafter enacted the County Court of said county would have had jurisdiction and all pending civil and criminal cases be, and the same are, hereby transferred to the District Court having jurisdiction in Eastland County, Texas, and all writs and process heretofore issued by or out of said County Court in all pending civil or criminal cases be, and the same are, hereby made returnable to the District Court sitting in Eastland County, Texas. However, there shall not be transferred to said District Court jurisdiction over any judgments, either in civil or criminal cases, rendered prior to the time this Act takes effect and which have become final, but as to such judgments the said County Court shall retain jurisdiction for the enforcement thereof by all appropriate process.

You first inquire as to the court in which misdemeanor cases should be filed in Eastland County.

A misdemeanor may be charged by indictment, and an indictment may be presented only to a district court. Indictments charging misdemeanors returned to the district court over which the court has no jurisdiction are to be transferred to the inferior court having jurisdiction of the offense. Tex. Const. art. 5, § 17; Code Crim. Proc. art. 21.26; Dalton v. State, 200 S.W. 385 (Tex. Crim. App. 1918).

As provided in section 2 of article 1970-141a, the district court has jurisdiction "in all matters of a criminal nature, except as to such jurisdiction that the County Court has to receive and enter pleas of guilty in misdemeanor cases as is provided in Section 1. . . ." Thus, the district court should retain jurisdiction over misdemeanor cases presented by indictment until it is known that the defendant will enter a guilty plea.

Also, it should be noted that when the district court has obtained jurisdiction by the return of an indictment charging a felony offense, jurisdiction is not lost by the fact that, upon motion of the State, the charge is reduced to a misdemeanor to which the defendant pleads guilty. Bruce v. State, 419 S.W.2d 646 (Tex. Crim. App. 1967); Mock v. State, 298 S.W.2d 583 (Tex. Crim. App. 1957).

Accordingly then, your inquiry must be limited to the proper court in which misdemeanor cases should be presented by information in Eastland County.

As provided in section 1 of article 1970-141a, the criminal jurisdiction of the county court is limited to the receiving and entering of guilty pleas in misdemeanor cases. In our opinion, the clear implication of the statute is that the prosecuting attorney should present an information in the county court only in those cases in which he reasonably believes in advance of filing that the defendant will enter a plea of guilty. In all other instances, the case should be filed in the district court. Of course, if a defendant actually enters a plea of not guilty after the case has been filed in the county court, the case must be transferred to the district court for trial. Likewise, if a defendant resolves to enter a guilty plea subsequent to filing in district court, the case should be transferred to the county court for receipt and entry of the plea of guilty.

As to the former appellate jurisdiction of the county court, it is clear that such jurisdiction is now in the district court, since the very nature of an appeal from a justice or municipal court implies a plea of not guilty.

Your next question is whether the district clerk and county clerk should collect the fees normally applicable to their respective offices in each case originally filed in the respective courts.  In the absence of statutory indication to the contrary, we answer this question in the affirmative.

You also ask whether the district clerk may collect any fees of office when a criminal case is transferred from the county court to the district court on a plea of not guilty. Section 4 of article 1970-141a provides:

> The clerk of the County Court of Eastland County is, and he is hereby required within twenty (20) days after this Act takes effect to file with the clerk of the District Court of said county all original papers in cases here transferred to the said District Court, and all Judges' dockets and certified copies of any interlocutory judgment, or other order entered in the minutes of the County Court in said cases so transferred; and the district clerk shall immediately docket all such cases on the docket of the District Court of Eastland County in the same manner and place as each stands on the docket of the County Court.  It shall not be necessary that the district clerk refile any papers theretofore filed by the county clerk, <u>nor shall he receive any fees for the filing of the same</u>, but papers in said case bearing the file mark of the county clerk, prior to the time of said transfer, shall be held to have been filed in the case as of the date filed without being refiled by the district clerk.  Said county clerk in cases so transferred shall accompany the papers with a certified bill of cost and against all cost deposits, if any, the county clerk shall charge accrued fees due him, and the remainder of the deposit he shall pay to the district clerk as a deposit in the particular case for which the same was deposited.  Credit shall also be given the litigants for all jury fees paid in the County Court.  (Emphasis added).

Although section 4 appears to be limited in application to those cases transferred to the district court within 20 days from the effective date of the statute, we believe that a similar result obtains with regard to all cases thereafter transferred to the district court. Certainly, the district clerk should not be permitted to collect from a defendant those same fees which have previously been assessed by the county clerk. Neither do we believe that the district clerk may collect any fees of office from the county clerk. In Attorney General Opinion C-789 (1966), this Office held that

> [t]here is no authority in the statutes
> of the State of Texas which would authorize
> an initiating county to pay court costs to
> another county on a change of venue.

In our opinion, this is a sound principle which ought to be applied to transfers from the county court to the district court. Accordingly, it is our view that, at least with respect to fees already billed by the county clerk, the district clerk may not collect any fees of office when a criminal case is transferred from the county court to the district court on a plea of not guilty.

Your last two questions inquire about the amount, if any, which a district clerk and/or a county clerk may collect from a defendant in a criminal case as a fee for the offices of criminal district attorney and county judge. Article 1061, Code of Criminal Procedure, prescribes a fee of $15, to be taxed against the defendant for district and county attorneys where a conviction is obtained in any misdemeanor proceeding or pursuant to the laws against gaming. No fee is authorized for conviction of any other felony, and, in the absence of statute, none may be assessed.

With regard to the office of county judge, article 1052, Code of Criminal Procedure, provides for a fee to be paid to the county judge "for each criminal action tried and finally disposed of before him," but such fee is a cost payable by the county rather than by the defendant. Since no statute authorizes a county clerk to collect from a defendant in a criminal case any fee for the office of county judge, it is our opinion that no such fee may be assessed.

## S U M M A R Y

Misdemeanor cases in Eastland County should
be filed in the county court only in those
instances in which the county attorney reasonably
believes that the defendant will enter a guilty
plea.  All other misdemeanors should be filed
in the district court.  The district and county
clerks should collect the fees normally appli-
cable to their respective offices in each case
originally filed in the respective courts.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb