Patricia Ann CLINTON, Appellant,

v.

The STATE of Texas, Appellee.

Pamela WADE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 3–85–204–CR, 3–85–205–CR.

Court of Appeals of Texas, Austin.

Oct. 29, 1986.

Patrick R. Ganne, Austin, for appellant.

Ken Oden, Co. Atty., David Puryear, Asst. Co. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

The trial court found appellants guilty of theft and assessed punishment at incarceration for six months. Tex.Pen.Code Ann. § 31.03 (Supp.1986). In identical points of error, appellants contend the trial court erred by refusing to allow them to withdraw their pleas of *nolo contendere.*

Sometime in 1984 appellants were indicted for the the felony offense of robbery. Tex.Pen.Code Ann. § 29.02 (1974). They subsequently entered into a plea bargain with the district attorney. In exchange for appellants' pleas of guilty, the bargain called for the dismissal of the felony charges and the filing of Class A misdemeanor theft charges. The State also agreed to recommend that punishment be assessed at confinement for one year, probated, with the conditions of probation to include restitution and fifty hours of community service.

Pursuant to the bargain, the robbery indictments were dismissed and informations alleging misdemeanor theft were filed by the county attorney. On October 12, 1984, appellants pled *nolo contendere* to the misdemeanor charges. The trial court accepted the pleas and found appellants guilty on that date. At the sentencing hearing on December 14, 1984, the trial court asked appellants whether anyone had promised them that the court would follow the plea bargain, and both appellants testified that no one had done so. The trial court then announced that it would not abide by the terms of the bargain. Appellants requested to withdraw their pleas, but the request was denied.

Appellants now argue that since they were originally charged with a felony, the provisions of Tex.Code Cr.P.Ann. art. 26.-13(a)(2) (Supp.1986) apply and they should have been allowed to withdraw their pleas.[1] We disagree.

The disposition of this appeal is determined by the interaction of four principles. First, it is within the sound discretion of the trial court whether to permit a defendant to withdraw a plea of guilty or *nolo contendere* where, as here, the defendant has already been found guilty. *Jackson v. State,* 590 S.W.2d 514 (Tex.Cr. App.1979). Second, the provisions of art. 26.13 do not apply to misdemeanor causes. *McGuire v. State,* 617 S.W.2d 259 (Tex.Cr. App.1981). Third, when the felony charges here were reduced to misdemeanor charges, these causes became misdemeanor causes. *Bruce v. State,* 419 S.W.2d 646 (Tex.Cr.App.1967); *Mock v. State,* 164 Tex. Cr.R. 335, 298 S.W.2d 583 (1957). Finally, in misdemeanor causes, there is no constitutional, statutory, or common law right to withdraw a guilty plea upon the trial court's refusal to follow a plea bargain, provided there is no promise by the State that a particular punishment will be assessed. *McGuire v. State, supra; Gibson v. State,* 532 S.W.2d 69 (Tex.Cr.App.1976); *Cruz v. State,* 530 S.W.2d 817 (Tex.Cr.App. 1975); *see generally* J. Bond, Plea Bargaining and Guilty Pleas § 7.2(b) (1983).

On this record, the trial court did not abuse its discretion in refusing to allow appellants to withdraw their pleas. The points of error are overruled, and the judgments of conviction are affirmed.

1. Article 26.13(a)(2) provides in pertinent part that "[s]hould the court reject any such [plea] agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere."