IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







No. PD-0276-08






ROBERTO YARIT TREJO, Appellant



v.



THE STATE OF TEXAS






On Discretionary Review of Case 14-06-00168-CR of the


Fourteenth Court of Appeals,


Harris County






 Womack, J., delivered the opinion of the Court, in which Price, Johnson,
Keasler, Hervey, Holcomb, and Cochran, JJ., joined. Keller. P.J., filed
a concurring opinion, in which Meyers, J., joined. Johnson, J., filed a
concurring opinion.



 The indictment of the appellant alleged the offense of aggravated sexual assault.
The court's charge authorized the jury to convict for that offense or for any of three lesser
offenses: sexual assault, aggravated assault, or assault. The appellant did not object to the
submission of the lesser offenses. The jury found the appellant guilty of the lesser offense
of aggravated assault.

 On appeal, the appellant said that, because aggravated assault was not a lesser-included offense of the aggravated sexual assault that was alleged, the trial court did not
have jurisdiction to convict him of that lesser offense. The Fourteenth Court of Appeals
agreed; it held that the judgment of conviction was void and ordered the entry of a
judgment of acquittal for the offense of aggravated sexual assault. Trejo v. State, 242
S.W.3d 48 (Tex. App. - Houston [14th Dist.] 2007).

 We granted review of two issues: whether "an appellant may appeal an error in the
jury instructions when the appellant failed to make a record showing the source of the
alleged error and where the appellant himself could have invited the error," and whether

"the trial court lacked jurisdiction to instruct the jury on the offense of aggravated
assault." (Petition at ii.)

 This case presents some of the questions that we recognized, but of which we did
not did grant review, in Hall v. State, 225 S.W.3d 524, 537 (Tex. Cr. App. 2007): whether
"the issue of error in the charge was preserved for appellate review, [whether] a judgment
of guilt of a lesser offense that was not included in the alleged offense is void because a
trial court has no jurisdiction to enter such a judgment, [and whether] the appellant
suffered harm that required reversal."

Preservation of Complaint about the Charge


 As to the preservation of a complaint about error in the charge, we recognized in
the landmark decision of Almanza v. State, 686 S.W.2d 157 (Tex. Cr. App. 1984), that
Article 36.19 of the Code of Criminal Procedure sets two standards for appellate review
of error in the charge: one for error that was preserved and the other for error that was not
preserved. Implicit in that decision is our recognition that (by force of the statute if
nothing else) a complaint of error in the court's charge may be raised for the first time on
appeal.

 This does not mean that a party may benefit from an error that was committed at
his behest. We have held that a defendant may not complain of a charge that he requested.
Tucker v. State, 771 S.W.2d 523, 534 (1988). We also have held that a defendant may not
benefit from a lesser-included-offense instruction and then attack his conviction of that
lesser-included offense on the ground that it was barred by limitation. State v. Yount, 853
S.W.2d 6, 9 (1993). The doctrine of estoppel would prevent the party from presenting
such a claim. If the record showed that the appellant requested the charge on the lesser
offense of aggravated assault, he would be estopped from complaining of its inclusion in
the charge. But the mere absence of a showing of responsibility for the inclusion of the
charge on the lesser offense does not give rise to estoppel. But those holdings do not
control this case. The record does not show that the appellant requested the lesser-included-offense charge. And the appellant is not raising the defense of limitation.


Jurisdiction


 Subject-matter jurisdiction depends not only on the grant of authority to the trial
court in the Constitution and the statutes, but also on its being invoked for the particular
case before the court by the State's pleadings.

 As a treatise says, "'Jurisdiction' is used in a number of different senses. Sometimes, courts discuss whether a trial court had 'jurisdiction' over a case. They may
conclude, for example, that a court did not have jurisdiction over a case because of a
defect in the charging instrument even though it had subject matter jurisdiction over the
kind of case (e.g. felony) that was brought. 

 "Jurisdiction is also used to refer to the relationship between the case and the
defendant--personal jurisdiction. For example, the defendant must be present at the
beginning of his or her trial for the trial court to have personal jurisdiction over that
person and to enter a binding judgment in the case." George E. Dix & Robert O. Dawson,
40 Texas Practice: Criminal Practice and Procedure § 1.02 (2001).

 So subject-matter jurisdiction requires both a general grant of authority to the trial
court and a charging instrument that invokes that jurisdiction over the particular case.

 In Garcia v. Dial, 596 S.W.2d 524, 530 (1980) Judge Clinton recognized the
second, particular requirement of an indictment or information that charged an offense
within the jurisdiction of the court: "Furthermore, it is well settled that a valid indictment,
or information if indictment is waived, is essential to the district court's jurisdiction in a
criminal case.  American Plant Food Corp. v. State, 508 S.W.2d 598 (Tex. Cr. App.
1974); Bruce v. State, 419 S.W.2d 646 (Tex. Cr. App. 1967) ." Those two precedents
spoke to the requirement of an indictment that invoked the subject-matter jurisdiction of
the trial court in the particular case.

 The Court's opinion in American Plant Food Corp. said, "If the charge [that is, the
charging instrument - an indictment or information] alleges an offense was committed by
the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered
thereon. If it does not so allege, then it is utterly insufficient and any conviction based
thereon is void. [FN1:] A void conviction may be challenged at any time and thus an
exception to the substance of the State's pleading, as set forth in Article 27.08, supra, may
be raised for the first time on appeal." 508 S.W.2d, at 603. 

 The Court's opinion in Bruce said, "When the jurisdiction of a district court is
invoked by the return of an indictment charging a felony offense which includes a
misdemeanor, and upon motion of the state the charge is reduced to a misdemeanor, the
 jurisdiction of the district court, having attached by reason of the felony charge, the
district court retains jurisdiction of the case to its final determination." 419 S.W.2d, at
647.

 Although the trial court may have erred in its charge to the jury, it had jurisdiction
to commit the error.

Harm


 The standard of harm is that for unobjected-to error in the charge: whether "the
error is so egregious and created such harm that he has not had a fair and impartial trial -
in short[,] egregious harm.  [T]he actual degree of harm must be assayed in light of the
entire jury charge, the state of the evidence, including the contested issues and weight of
probative evidence, the argument of counsel and any other relevant information releaved
by the record of the trial as a whole." Almanza, 686 S.W.2d, at 171.

 The case will be remanded to the Court of Appeals for consideration of the issue of
harm. 

 The judgment of the Court of Appeals is vacated and the case is remanded to that
court.


Delivered April 1, 2009.

Publish.