

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

No. PD-0276-08

ROBERTO YARIT TREJO, Appellant

v.

THE STATE OF TEXAS

On Discretionary Review of Case 14-06-00168-CR of the
Fourteenth Court of Appeals,
Harris County

*WOMACK, J., delivered the opinion of the Court, in which PRICE, JOHNSON, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. KELLER. P.J., filed a concurring opinion, in which MEYERS, J., joined. JOHNSON, J., filed a concurring opinion.*

The indictment of the appellant alleged the offense of aggravated sexual assault. The court's charge authorized the jury to convict for that offense or for any of three lesser offenses: sexual assault, aggravated assault, or assault. The appellant did not object to the submission of the lesser offenses. The jury found the appellant guilty of the lesser offense of aggravated assault.

On appeal, the appellant said that, because aggravated assault was not a lesser-included offense of the aggravated sexual assault that was alleged, the trial court did not have jurisdiction to convict him of that lesser offense. The Fourteenth Court of Appeals agreed; it held that the judgment of conviction was void and ordered the entry of a judgment of acquittal for the offense of aggravated sexual assault. *Trejo v. State*, 242 S.W.3d 48 (Tex. App. – Houston [14th Dist.] 2007).

We granted review of two issues: whether "an appellant may appeal an error in the jury instructions when the appellant failed to make a record showing the source of the alleged error and where the appellant himself could have invited the error," and whether "the trial court lacked jurisdiction to instruct the jury on the offense of aggravated assault." (Petition at ii.)

This case presents some of the questions that we recognized, but of which we did not did grant review, in *Hall v. State*, 225 S.W.3d 524, 537 (Tex. Cr. App. 2007): whether "the issue of error in the charge was preserved for appellate review, [whether] a judgment of guilt of a lesser offense that was not included in the alleged offense is void because a trial court has no jurisdiction to enter such a judgment, [and whether] the appellant suffered harm that required reversal."

Preservation of Complaint about the Charge

As to the preservation of a complaint about error in the charge, we recognized in the landmark decision of *Almanza v. State*, 686 S.W.2d 157 (Tex. Cr. App. 1984), that

Article 36.19 of the Code of Criminal Procedure sets two standards for appellate review of error in the charge: one for error that was preserved and the other for error that was not preserved. Implicit in that decision is our recognition that (by force of the statute if nothing else) a complaint of error in the court's charge may be raised for the first time on appeal.

This does not mean that a party may benefit from an error that was committed at his behest. We have held that a defendant may not complain of a charge that he requested. *Tucker v. State*, 771 S.W.2d 523, 534 (1988). We also have held that a defendant may not benefit from a lesser-included-offense instruction and then attack his conviction of that lesser-included offense on the ground that it was barred by limitation. *State v. Yount*, 853 S.W.2d 6, 9 (1993). The doctrine of estoppel would prevent the party from presenting such a claim. If the record showed that the appellant requested the charge on the lesser offense of aggravated assault, he would be estopped from complaining of its inclusion in the charge. But the mere absence of a showing of responsibility for the inclusion of the charge on the lesser offense does not give rise to estoppel. But those holdings do not control this case. The record does not show that the appellant requested the lesser-included-offense charge. And the appellant is not raising the defense of limitation.

Jurisdiction

Subject-matter jurisdiction depends not only on the grant of authority to the trial court in the Constitution and the statutes, but also on its being invoked for the particular case before the court by the State's pleadings.

As a treatise says, "'Jurisdiction' is used in a number of different senses. Sometimes, courts discuss whether a trial court had 'jurisdiction' *over a case*. They may conclude, for example, that a court did not have jurisdiction over a case because of a defect in the charging instrument even though it had subject matter jurisdiction over the kind of case (e.g. felony) that was brought. …

"Jurisdiction is also used to refer to the relationship between the case and the defendant—personal jurisdiction. For example, the defendant must be present at the beginning of his or her trial for the trial court to have personal jurisdiction over that person and to enter a binding judgment in the case." George E. Dix & Robert O. Dawson, 40 *Texas Practice: Criminal Practice and Procedure* § 1.02 (2001).

So subject-matter jurisdiction requires both a general grant of authority to the trial court *and* a charging instrument that invokes that jurisdiction over the particular case.

In *Garcia v. Dial*, 596 S.W.2d 524, 530 (1980) Judge Clinton recognized the second, particular requirement of an indictment or information that charged an offense within the jurisdiction of the court: "Furthermore, it is well settled that a valid indictment, or information if indictment is waived, is essential to the district court's jurisdiction in a

criminal case. … *American Plant Food Corp. v. State*, 508 S.W.2d 598 (Tex. Cr. App. 1974); *Bruce v. State*, 419 S.W.2d 646 (Tex. Cr. App. 1967) ….” Those two precedents spoke to the requirement of an indictment that invoked the subject-matter jurisdiction of the trial court in the particular case.

The Court's opinion in *American Plant Food Corp.* said, “If the charge [that is, the charging instrument – an indictment or information] alleges an offense was committed by the defendant, then it is sufficient in law to support a verdict of guilty if one be rendered thereon. If it does not so allege, then it is utterly insufficient and any conviction based thereon is void. [FN1:] A void conviction may be challenged at any time and thus an exception to the substance of the State's pleading, as set forth in Article 27.08, supra, may be raised for the first time on appeal.” 508 S.W.2d, at 603.

The Court's opinion in *Bruce* said, “When the jurisdiction of a district court is invoked by the return of an indictment charging a felony offense which includes a misdemeanor, and upon motion of the state the charge is reduced to a misdemeanor, the … jurisdiction of the district court, having attached by reason of the felony charge, the district court retains jurisdiction of the case to its final determination.” 419 S.W.2d, at 647.

Although the trial court may have erred in its charge to the jury, it had jurisdiction to commit the error.

## Harm

The standard of harm is that for unobjected-to error in the charge: whether "the error is so egregious and created such harm that he has not had a fair and impartial trial – in short[,] egregious harm. … [T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information releaved by the record of the trial as a whole." *Almanza*, 686 S.W.2d, at 171.

The case will be remanded to the Court of Appeals for consideration of the issue of harm.

The judgment of the Court of Appeals is vacated and the case is remanded to that court.

Delivered April 1, 2009.
Publish.