### F. L. HAMBRIGHT v. THE STATE.

No. 3118.    Decided January 18, 1905.

**1.—Perjury—Indictment.**

See indictment for perjury recited in opinion held to be sufficient.

**2.—Same—Misconduct of Jury.**

Where appellant's defense was that he was so drunk that he could not remember whether or not he had seen the parties play, and it was shown that one of the jurors had stated in the hearing of others of his fellows, after the jury had retired to consider of their verdict, and before they had arrived at one, that he had seen the defendant on Monday, after the Sunday upon which the game of cards was played and had talked with him and that defendant's mind and general appearance seemed to be all right; and where the defense showed that defendant was very drunk on the Sunday before he was before the grand jury on the Tuesday following, when it was alleged he gave the alleged false statement. Held reversible error. Overuling Williams v. State, 33 Texas Crim. Rep., 128.

Appeal from the District Court of Hamilton. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of perjury, and his punishment assessed at confinement in the penitentiary for a term of two years. The indictment contains several assignments of perjury, but the court only submitted two of them, to wit: "Thereupon it then and there became and was a material inquiry before said grand jury and necessary to the due administration of the criminal laws of the State of Texas and the ends of public justice whether the said witness F. L. Hambright (who is the defendant herein) had theretofore on or about the 28th day of February, A.D. 1904, in Hamilton County, and State of Texas, and at a place not then and there a private residence occupied by a family, seen John Norris and Oscar Pigg, or any other parties, play at a game with cards; and it then and there also became and was a material inquiry before said grand jury and necessary to the administration of the criminal laws of the State of Texas, and the ends of public justice, whether the said F. L. Hambright, the witness (the defendant herein) then and there at and on said examination before said grand jury, remembered to have seen John Norris and Oscar Pigg, or any other parties, play at a game with cards at a place in Hamilton county, Texas, not then and there a private residence occupied by a family." We think the indictment is sufficient. Bailey v. State, 53 S. W. Rep., 117; McDonough v. State, decided at the present term.

The evidence shows that appellant was before the grand jury on Tuesday after the playing on the Sunday before. Upon the trial appellant's defense was that he was so drunk he could not and did not remember whether or not he had seen the parties play. The charge of the court seems to be altogether applicable to the facts of the case, and we see no error in it.

Appellant complains of the misconduct of the jury. By the affidavit of juror McQuerry, it appears that after they had retired to consider of their verdict, he made this statement: "That I saw Fred (defendant) on Monday, and he appeared to be all right to me; and I went on at the same time to say that had nothing to do with the case and would not be considered at all. My recollection is that at the time I said that we all had agreed but one, and me and an old man were sitting back by ourselves, and I made that remark to him, and I thought some of the others heard it, and I then made the other remark, it not having anything to do with the case. I knew how the old man stood and he knew how I stood. We had voted for conviction then. I didn't intend for any of the rest of them to hear it, and when I thought they had I made the remark that it had nothing to do with the case."

Another juror, Pierson, testified,—"Q. Did any of the jurors make any statement in the jury room with reference to the condition of the defendant's mind on account of things that he knew? A. No, sir; not in my hearing. Q. Did you hear the juror McQuerry make any statement? A. Yes, sir; I suppose it is McQuerry: it is that man sitting over there. He said that he had seen Mr. Hambright on Monday, after the Sunday upon which the game of cards was played, and had a talk with him here in town—I think it was mentioned about a horse trade; and that Mr. Hambright's mind and general appearance seemed to be all right—nothing out of the ordinary. That was before we all had agreed to a verdict."

This statement is substantially supported by the other affidavits and testimony. They further show that allusion was made to the failure of the defendant to testify. The misconduct of the jury in reference to the statement made by McQuerry is sufficient to reverse this case. State's counsel, in their brief cite us to Williams v. State, 33 Texas Crim. Rep., 128, which supports the State's insistence. However, we have not found any case following this decision; in fact, in our opinion it is at variance with all other decisions, and to this extent is accordingly overruled. The statute itself provides, where the jury receive other evidence than that introduced upon the trial of the case, it is a ground for new trial. The misconduct of the jury in the statement of McQuerry necessitates a reversal. The defense was that defendant was very drunk on the Sunday before he was before the grand jury on the Tuesday following. We have a juror trying the case telling the jury that defendant's mind was entirely free from any character of intoxicants on Monday morning, prior to the time that his wife and other witnesses had testified to his drunkenness. She had also testified that he was sick and not at himself on Monday. This clearly would be prejudicial evidence, since his sole defense was, his mental status on the day about which he is charged with having testified falsely. Any evidence that refuted his defense of drunkenness would be material evidence; and the suggestion of the juror McQuerry certainly goes to this extent. Without passing upon the allusion to the failure of the defendant to testify, we hold that the conduct of the jury in receiving other testimony than that adduced upon the trial is of itself sufficient to reverse this case.

The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*