## CARLOS HERNANDEZ v. THE STATE.

### No. 706. Decided June 22, 1910.

**1.—Theft—Evidence—Principals.**

Where, upon trial of theft, the evidence showed that the defendant and another were acting together, there was no error in admitting in evidence that State's witness had seen them together in a store on the evening of the theft.

**2.—Same—Misconduct of Jury.**

Where the alleged misconduct of the jury was not of a character to authorize a reversal, there was no error.

**3.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of theft, the bill of exceptions failed to state the ground of objection to the rejected testimony, the same could not be considered.

**4.—Same—Evidence—Principal.**

Upon trial of theft, where the evidence showed that the defendant acted

together with another, there was no error in admitting testimony as to the renting of a room by his said companion which ·was occupied by both, and in which afterwards evidence of the alleged stolen property was found.

**5.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of theft, the ground of objection as to the admission of testimony with reference to noise heard by the witness in the room occupied by defendant and another, was not verified, the same could not be considered.

**6.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of theft, the ground of objection to testimony concerning the closing of a saloon did not appear in the bill of exceptions, the same could not be considered.

**7.—Same—Evidence—Bill of Exceptions.**

Where, upon appeal from a conviction of theft, the answer to the objected testimony was not set out in the bill of exceptions, or the ground of objection given thereto, the same could not be considered.

Appeal from the District Court of El Paso. Tried below before the Hon. Jas. R. Harper.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Owen & Boykin,* for appellant.—On question of conspiracy and evidence aliunde: Smith v. State, 46 Texas Crim. Rep., 267, 81 S. W. Rep., 936; Wallace v. State, 48 Texas Crim. Rep., 318, 87 S. W. Rep., 1041; Luttrell v. State, 31 Texas Crim. Rep., 493, 21 S. W. Rep., 248.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with the theft of various, sundry and diverse kinds of personal property—watches, suits of clothes, silk shirts and razors; was convicted and his punishment assessed at five years confinement in the penitentiary.

The evidence discloses that in the latter part of January of the present year, Margarito Flores rented a room from the witness Cervantes, for which he paid a dollar for a specified time. There came up a discussion between them as to the price of the room, Flores wanting a cheap room. The room he desired had two beds in it and Cervantes would not agree to rent the entire room at twenty-five cents a day. He then told her that his partner would occupy the room with him and finally terms were agreed upon. He desired a key to the room. Cervantes made some objection, as he had no goods or effects with him. He then said he would go and get his valise and bring his partner. Whereupon Cervantes turned the key over to him. Flores occupied the room and appellant was in and out of the room and under the State's theory occupied the room jointly with Flores. Cervantes testified that the two occupied the room and kept it closed; that when one of the parties would go out

the other one would come in, and that she, Cervantes, had no opportunity of entering the room while they occupied it, in order to clean it up, or for any other purpose. Some time during Thursday night there was a hole some eighteen or twenty inches square cut through the floor, thereby permitting the parties to get into the store of Pozil below. During that night there were quite a number of watches, suits of clothes, silk shirts and razors taken from the store. Flores and appellant were gone from the room the next morning and did not further occupy it. In the room the following day was found some tags, evidencing that the goods were taken from Pozil's store. Appellant introduced evidence tending to prove an alibi. He stated that he was in the room, however, at about 11 o'clock on the night the property was taken, for a short time but went away. He denied any complicity in the matter.

The motion for new trial was overruled. It complains of the ruling of the court in regard to the admission of testimony, avers that the evidence is insufficient and alleges misconduct on the part of the jury. In regard to the latter proposition the evidence in substance shows that after the jury had retired and after a verdict had been agreed upon one of the jurors said, "I have been thinking about this man." The juror Rhein further stated that he did not know that he could give exactly what further the juror said, but that was about the substance of his remark; that the juror making the remark was Dan White; that someone interrupted White and the juror Rhein asked him to repeat the remark, whereupon he said: "When I got into the jury box, after I had been in the jury box awhile and I saw the man, his face looked familiar, and I got thinking about him, and believe that I had seen him before," and the juror White hesitated and further said, "I don't think this is his first offense." White was not present on the examination of this matter upon motion for new trial. The juror Rhein puts the matter about as strongly as any of the jurors and the substance of the testimony of the various jurors is practically the same. We are of opinion that this evidence shows no such misconduct on the part of the jury as authorized the court to reverse the judgment. It had no effect upon the jurors, they say, and the remark was made after the verdict had been agreed upon and appellant's punishment fixed.

Appellant reserved several exceptions to the admission of testimony, all of which are embodied in one bill. While the witness Pozil was testifying the district attorney asked him the following question: "I will ask you if you saw anyone else that evening in your store?" Defendant objected to the introduction of testimony as to other people being in witness' store. The court overruled defendant's objection and witness testified as follows: "I saw someone else in my store that evening; I have told the detectives that it was those two fellows that were in there. I don't know the name of the other man. I have since ascertained that his name was Margarito

Flores. They did not come in there together. They came in one at a time. This other man came in and asked for a pair of gloves. I showed him all the gloves I had, and he said that he wanted a pair of gloves real fine, that should be fine as silk." The only exception urged to this, as noted above, is "as to other people being in witness' store." A sufficient statement of the facts in the preceding portion of the opinion shows that the parties were acting together and were seen together, and occupied the room together. This was the evening before the burglary or the theft at night. Under the circumstances this evidence was admissible.

The next section of the bill recites that the district attorney asked the witness Cervantes the following question, on direct examination: "Describe the room that he rented." The witness answered: "This boy's partner came over there and rented a room." Defendant then and there moved that this answer be withdrawn from the consideration of the jury. The court overruled defendant's motion. The ground of the objection is not stated. The bill is, therefore, insufficient.

The next section of the bill recites that the same witness was testifying on direct examination as follows: "He (referring to this other man, M. Flores), told me, he says, 'I will take the room. I am going to bring a partner of mine down here.' He told me that the two of them were working, 'and Saturday,' he says, 'I will pay you the rest of the money for the room. On Saturday as soon as I get paid we will rent a better room.'" Defendant objected to the witness testifying to the statements of this other man. The witness then further testified: "Then he asked me for the key, and I said, 'What do you want the key for? you haven't got any baggage;' and he says, 'I am going over there to get my partner.' In about an hour or a little more he came back and had this defendant with him. I never said anything because I knew it was his partner." Defendant then moved the court that the above testimony, referring to this other man, be withdrawn from the jury. This motion was overruled. It will be noticed that the bill of exception fails to note the objection to the testimony otherwise than that it referred to the other man. This bill is deficient, and even if an objection had been stated, the parties were going together and occupied the room together; therefore, we think this testimony is legitimate. The district attorney further asked the same witness: "You said something about a conversation with him (M. Flores) about a room for twenty-five or fifty cents—what was that conversation?" Defendant objected to the witness testifying to any conversation she may have had with this other man, on the grounds that it was hearsay, immaterial and did not bind the defendant. These objections being overruled, the witness testified: "He said that he wanted a cheap room; that he only had a dollar and twenty cents in his pocket. Then I told him

that I could not let him have the room for twenty-five cents, because there were two beds in it. He told me then 'I am going to bring my partner here.'" As before stated, these parties were acting together, and this witness paid for the room for both of them, and that M. Flores did bring his partner, the appellant, and they occupied the room together until after the property was taken from the store.

Another section of the bill recites that the witness Lomas testified that she lived at the house run by Cervantes; that her room was next to that through the floor of which the hole was cut; that about 7 or 8 o'clock she heard a loud noise in the room occupied by these people on the evening of Thursday prior to the morning that Mr. Pozil's store was discovered to have been burglarized. Defendant moved the court to strike out this testimony on the ground that there was no evidence showing the presence of defendant in the room. This ground of objection is the statement of a fact as the ground of objection which is not verified by the bill, and it, therefore, can not be considered as a ground of objection.

Another section of the bill recites that the district attorney asked the witness Wilson the following question: "It (referring to the '66 Bar') has been closed since that time, hasn't it?" The witness answered: "Yes, since he turned it over." Defendant objected to the question. No ground of objection is stated and there is nothing to show that this testimony would have been in any way injurious. Wilson was further asked this question: "Johnny Olive left down there before that saloon was closed?" Defendant objected, but there is no grounds of objection stated.

Another section of the bill shows that the district attorney asked the witness Chon Avilar the following question: "How much work have you done since you have been in town?" Defendant objected to this question. The objection was overruled. The answer was not given, nor is any ground of objection stated. This completes the matters raised in the bill of exceptions.

We are of opinion that the evidence is sufficient to sustain the conviction and that there is no reversible error shown by the record. The judgment is, therefore, affirmed.

*Affirmed.*

McCord, Judge, absent.