### A. C. WILLIAMS V. THE STATE.

No. 10074.   Delivered March 10, 1926.

Rehearing denied April 10, 1926.

1.—Burglary—Accomplice Testimony—Properly Admitted.

Where, on a trial for burglary, an accomplice being used as a witness, there was no error in permitting her to testify that appellant slept on a mattress found in her room, that was stolen from the burglarized premises.

2.—Same—Recent Possession of Stolen Property—Held Sufficient Corroboration of Accomplice.

Where, on a trial for burglary, appellant and two others were found in possession of the stolen property, recently after same was taken, we think

presents sufficient corroboration of the testimony of the accomplice King, and justified the jury in their verdict of guilty.

ON REHEARING.

3.—Same—Accomplice Testimony—Corroboration Sufficient.

Where, on a trial for burglary, an accomplice made out the state's case completely, and practically showed a conspiracy between herself, appellant and another; the finding of a large quantity of the stolen property in the three-room house, occupied by her and appellant and another was sufficient corroboration of the accomplice's testimony. Distinguishing Russell v. State, 218 S. W., 1049.

Appeal from the District Court of Stonewall County. Tried below before the Hon. Bruce W. Bryant, Judge.

Appeal from a conviction for burglary, penalty eight years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Stonewall County of burglary, punishment fixed at eight years in the penitentiary.

The home of Farrow was burglarized and a quantity of personal property taken. Shortly thereafter the property was found in a house occupied by appellant, another man and a woman. Said parties were present when the property was located but seem to have made no statement, though a movement of appellant toward the bed where a pistol was found, is in evidence. The house so occupied consisted of three rooms, two below and one above. Most of the stolen property was found in the downstairs bed room. Viola King, the woman who was in company with appellant, was used as a witness by the State and testified to the fact of the burglary. She said that she and the two men went to the burglarized house in a car together; that she and appellant sat in the car just across the road while their companion entered the house and made two trips bringing to the car the loot. That together they carried the articles taken from said house to the place they occupied, and that they were using it up to the time the officers came. That she and appellant occupied the downstairs bedroom.

There are two bills of exception in the record, one complaining of the action of the court in permitting Viola King to testify

that appellant slept on a mattress taken from the burglarized house; the other of which appears to be multifarious, presenting appellant's complaint to three separate matters, each of which, however, we conceive to present no error even if the bill could be considered. We are not in accord with the contention in bill No. 1.

Appellant, Skirlock and Viola King being found in possession of the alleged stolen property recently after same was taken, we think, presents sufficient corroboration of the testimony of the accomplice King and justified the jury in their verdict of guilty.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In view of appellant's insistence we have again reviewed the facts for the purpose of determining the sufficiency of the corroboration of the accomplice. The testimony of said accomplice made out the State's case completely and practically showed a conspiracy between herself, appellant and another, the fulfillment of which seemed to include thefts and burglaries. She testified that the property acquired by herself and the other two as the result of theft was being used by herself and appellant at the time of their arrest. There was no question but that this witness was amply corroborated, and the presence of a large quantity of stolen property in the three-room house occupied by herself and her companions was shown without dispute. We have reviewed the Russell case, 218 S. W. Rep., 1049, cited by appellant. No accomplice testified in that case, and the question was not as to the sufficiency of the corroboration. We are unable to make application of the holding in that case to the instant case.

Believing the case was properly decided on original presentation, the motion for rehearing will be overruled.

*Overruled.*