## P. E. MUELLER v. THE STATE.

No. 14399.   Delivered October 28, 1931.
Rehearing Denied December 9, 1931.

The opinion states the case.

*F. L. Kuykendall,* of Albany, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Under an indictment charging a felony theft, the appellant was convicted of a misdemeanor theft, and his punishment was assessed at three months in jail and a fine of $500.

The state offered witnesses who testified that the water pump, which was the property alleged to have been stolen, belonged to Gilman and Heltszel and that at the time the water pump was stolen, it was located on Matthew's lease near Murry, Texas. The state offered as a witness one E. E. Webb, who admittedly was an accomplice. He testified in substance that he and appellant went to the Matthew's lease and stole the water pump in question, to which was attached a gasoline engine, and sold the same to one E. E. Brockman in Young county, Texas, for the sum of $50. There was no other direct testimony concerning the original taking of the property alleged to have been stolen except that of the said Webb, the accomplice.

The appellant did not testify in his own behalf. The evidence showed that Webb was a brother-in-law of the appellant and a check for $50 was introduced. This check was payable to Webb and signed by E. E.

Brockman and endorsed by E. E. Webb. Said witness testified that he did not know whether or not the appellant received any part of the $50 but that the understanding was that they were to go fifty-fifty.

By bill of exception No. 1, appellant complains of the refusal of the trial court to instruct the jury to return a verdict of not guilty for the reason that the testimony showed that the reasonable market value of the water pump in question was less than $50 at the time of the alleged theft. The theory of the appellant was that article 695, C. C. P., sets forth the various offenses consisting of different degrees and that theft is not included among such offenses. Previous to 1925, when the statutes were recodified, theft was included among the offenses of various degrees, same being subdivision 6 of old article 722. Subdivision 6 of old article 772, page 454, C. C. P., now 695, reads as follows: "Theft which includes swindling and all unlawful acquisition of personal property is punishable by the penal code."

When the statutes were recodified, subdivision 6 was omitted therefrom, which eliminated theft as an offense with various degrees. Appellant contends that since the undisputed evidence of the state's witnesses was that the market value of the water pump was less than $50, the court should have instructed the jury to return a verdict of not guilty, as the district court did not have further jurisdiction to hear and determine the case.

In making such contention, appellant evidently overlooked article 55 of the Code of Criminal Procedure and its connection with article 54. Article 54, C. C. P., provides, following the constitution of this state, that: "District court and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony and of all misdemeanors involving official misconduct."

Article 55, following article 54, provides that: "Upon the trial of a felony case, the court shall hear and determine the case as to any grade of offense included in the indictment, whether the proof shows a felony or a misdemeanor."

It was intended by article 55 that upon a trial of a felony case, where the indictment charged upon its face a felony and upon the trial of said case it should develop that the offense only was a misdemeanor, that the court should have the power to proceed with the case whether the proof shows a felony or misdemeanor. Allegations as to value are not descriptive further than as they effect the question whether the offense be felony or misdemeanor. The averments in the indictment in this case in all three counts alleging that the value of the property was $50, it charged a felonious theft on its face and the district court had jurisdiction thereof, and the jurisdiction of the district court having attached by reason of the allegation in said indictment that the value was $50, such statute was intended that jurisdiction would not be lost by reason of the

failure of the proof to sustain such felony, but that the court should have the power to hear and determine the case as to any grade of offense included in the indictment, whether proof showed it to be a felony or misdemeanor. We are not without authority in this state as to the meaning of said article. In the case of Robles v. State, 38 Texas Crim. Rep., 81, 41 S. W., 620, Judge Davidson, speaking for the court, used the following language: "If the indictment charges a felonious theft, embezzlement, swindling, receiving or concealing stolen property, and on the trial the proof fails to show a felony, a misdemeanor conviction can be had. In that character of case, the jurisdiction of the district court, having attached by reason of the felony charge, would not be lost by reason of the failure of the proof to sustain such felony. The averments of the indictment in that case showing a felony would confer jurisdiction upon the district court, and would exclude jurisdiction of the county court to entertain the indictment. The district court having acquired jurisdiction in such character of case, could retain it to its full termination. To hold otherwise would lead to interminable confusion. Hence we have held, and still hold, that the district court has jurisdiction of an indictment charging a felony, and can try the cause, and, if the proof of the value is sufficient to show a felony, the conviction will be legal, and, having so acquired jurisdiction, that court is authorized to sustain the conviction though it be a misdemeanor."

By bill of exception No. 2, appellant complains that the evidence is insufficient to sustain the conviction because the testimony of the accomplice, E. E. Webb, was not sufficiently corroborated. The witness Brockman testified that he was building a tank and that he had told appellant that he would like to have a pump when his tank was finished. He testified that the appellant told him that his brother-in-law, Webb, had one and that he, appellant, would sell it to him; that afterwards appellant brought the pump to Brockman's place on appellant's Ford truck and installed it for him; that Webb and another boy helped the appellant install it. That the appellant stated to him at the time that he had gotten it from his brother-in-law and that he understood from his conversation that it had been taken by the appellant for a debt owed him by said Webb. That he had the pump about a month before he paid for it and that he made the check out in the name of Webb. The testimony of the witness Brockman directly connects the appellant with the possession and sale of said property. The pump sold by the appellant to the witness Brockman was positively identified as the pump stolen from the Matthew's lease. We think this testimony sufficient corroboration of the accomplice. Hermosia v. State, 110 Texas Crim. Rep., 8, 6 S. W. (2d) .767; Perry v. State (Texas Crim. App.), 78 S. W., 513; Jones v. State, 105 Texas Crim. Rep., 574, 289 S. W., 684; Williams v. State, 104 Texas Crim. Rep., 58, 282 S. W., 230.

By bill of exception No. 3, appellant complains of error on the part of the trial court in refusing to grant him a new trial because of misconduct of the jury in receiving and discussing facts not introduced in evidence, after the jury had retired to consider its verdict. The alleged misconduct being that it was discussed by one or more of the jurors, in the presence of some or all of said members, that appellant had been sent to the penitentiary before for theft and it would not be any punishment for the defendant to give him a heavy fine and light jail sentence for the reason that Henry Compton would pay his fine.

Upon said allegation, the trial court proceeded to hear the testimony in support of the allegation and defendant's motion for a new trial alleging misconduct, and after hearing said testimony overruled said motion, to which the appellant excepts.

The record before us shows that the testimony of three of said jurors was heard. The testimony of the juror, W. F. Donnell, was to the effect that he had heard appellant had been in trouble but he did not know whether he heard it before the trial, whether in the jury room, or after the trial. He also said that he heard some one say the fine would be paid. The juror, L. Cardwell, testified that he did not hear any one say defendant had been in trouble or in the penitentiary, but in argument about punishment he heard some one say that a fine would not amount to anything, that some one would pay it. The juror, W. M. Weir, testified that he had heard someone say about defendant being in trouble before; that he knew before he went on the jury that appellant had been in trouble, that everybody in the neighborhood knew it, but that he did not mention it; that while he was on the jury, if there was anything said about it in the jury room, it was his recollection that it was mentioned after all had agreed upon their verdict. He also said that there was some discussion about the fact that the fine would be paid by appellant's brother-in-law.

If we accept the testimony of Weir, it shows that if there was any allusion to the fact that the defendant had been in trouble before, it was made after the verdict of guilty, including the amount of punishment, had been agreed on, and was therefore not ground for a new trial. Angley v. State, 35 Texas Crim. Rep., 427, 34 S. W., 116; Hernandez v. State, 60 Texas Crim. Rep., 30, 129 S. W., 1109; Horn v. State, 50 Texas Crim. Rep., 404, 97 S. W., 822; Hambright v. State, 47 Texas Crim. Rep., 518, 84 S. W., 597, 598.

It appears from the record in this case that the alleged misconduct was made the subject of an investigation by and under the direction of the trial judge and was settled in behalf of the state. The decision of the judge should be given as much consideration on appeal as would be given to the verdict of the jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge, his

632

decision will not be disturbed on appeal, unless clearly wrong. Shaw v. State, 32 Texas Crim. Rep., 155, 22 S. W., 588; Adams v. State, 48 Texas Crim. Rep., 452, 93 S. W., 116; Allan v. State, 62 Texas Crim. Rep., 560, 138 S. W., 593; Dougherty v. State, 59 Texas Crim. Rep., 464, 128 S. W., 398.

We cannot say that the decision of the trial court in overruling the appellant's motion for a new trial on account of misconduct of the jury, under the evidence before him, was clearly wrong.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.