William David GOLDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–91–00776–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 18, 1992.

Rehearing Denied July 23, 1992.

William David Golden, pro se.

Carol M. Cameron, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, William David Golden, appeals his judgment of conviction for the offense of misdemeanor theft. TEX.PENAL CODE ANN. § 31.03 (Vernon 1992). Appellant, who tried his case pro se, waived his right to a jury trial and entered a plea of no contest, to the court, to a Class A misdemeanor theft. The Court found him guilty and assessed punishment at four (4) months confinement in the Harris County Jail. We affirm.

Appellant was charged by indictment on May 14, 1991, with the April 13, 1991, felony offense of theft, enhanced with two prior felony convictions. As the result of a plea bargain, the State abandoned both enhancement paragraphs and reduced the felony theft offense to the Class A misdemeanor offense of theft. Appellant waived his right of trial by jury and entered a plea of no contest, with an agreed recommendation, to the Class A misdemeanor offense of theft. The trial court found the appellant guilty and assessed appellant's punishment at confinement in the Harris County Jail for four (4) months as per the agreed recommendation on June 13, 1991. On June 27, 1991, appellant filed his motion in arrest of judgment which the court denied on July 2, 1991.

The State suggests that we should dismiss this appeal for want of jurisdiction. The State's position is that appellant filed his notice of appeal on July 18, 1991, more than thirty days after the June 13, 1991, sentence date. Therefore, he filed an untimely notice of appeal and this court should dismiss appellant's appeal for want of jurisdiction. TEX.R.APP.P. 41(b). We disagree with the State. An order overruling a motion in arrest of judgment shall be considered as an order overruling a motion

for new trial for purposes of giving notice of appeal. TEX.R.APP.P. 34(c). We hold that we have jurisdiction to entertain appellant's appeal.

 In appellant's sole point of error he contends the trial court erred in overruling his "Motion In Arrest of Judgment" in that the Court did not have jurisdiction to entertain appellant's plea.

The district court has the jurisdiction provided by article V, section 8, of the Texas Constitution. Tex.Gov't Code Ann. § 24.007 (Vernon 1988). District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. See TEX. CONST. ANN. art. V, sec. 8 (Vernon Supp. 1982). District courts and criminal district courts shall have original jurisdiction in criminal cases of the grade of felony, of all misdemeanors involving official misconduct, and misdemeanor cases transferred to the district court under TEX.CODE CRIM. PROC.ANN. art. 4.05 (Vernon Supp.1992). The presentment of an indictment or information to a court invests the court with jurisdiction of the cause. See TEX. CONST. ANN. art. V, sec. 12(b) (Vernon Supp.1992).

Appellant was charged by indictment on May 14, 1991, with the April 13, 1991, offense of theft of property of the value of over $750.00 and under $20,000.00, enhanced with two prior felony conviction. Theft of property of the value of $750.00 or more but less than $20,000.00 is a felony of the third degree. See TEX.PENAL CODE ANN. § 31.03(e)(4) (Vernon 1992). The presentment of the indictment therefore invested the district court with jurisdiction in the case.

 When the jurisdiction of a district is invoked by the return of an indictment charging a felony offense which includes a misdemeanor, and upon motion of the state the charge is reduced to a misdemeanor, the defendant may elect to waive a jury and plead guilty before the court. *Bruce v. State*, 419 S.W.2d 646, 647 (Tex.Crim.

App.1967). The jurisdiction of the district court, having attached by reason of the indictment for the felony offense of theft, retained jurisdiction for the lesser included misdemeanor offense of theft. *See Mueller v. State*, 119 Tex.Crim. 628, 43 S.W.2d 589 (Tex.Crim.App.1931) (Jurisdiction of district court, having attached by reason of the indictment for a felony theft, retained jurisdiction for misdemeanor theft); *see also Rodriguez v. State*, 661 S.W.2d 332, 336 (Tex.App.—Corpus Christi 1983, pet. ref'd).

We find that the trial court did not err in denying appellant's motion in arrest of judgment. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.