NO. 07-08-0372-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 23, 2009

_____

JAMES R. CHILDRESS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,783; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, James R. Childress, was convicted by a jury of the third degree felony offense of driving while intoxicated,[1] enhanced by two prior felony convictions,[2] and

_____

[1]*See* Texas Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2008)

[2]*See* Texas Penal Code Ann. § 12.42(d) (Vernon Supp. 2008).

sentenced to confinement for thirty years. By a single issue, Appellant contests whether the trial court had jurisdiction over the subject matter of this cause. We affirm.

## Background

The indictment in this cause alleged that on or about November 18, 2006, in Lubbock County, Texas, Appellant operated a motor vehicle in a public place while intoxicated.[3] The DWI count was enhanced to a third degree felony by allegations of two prior DWI convictions on November 13, 2003, and July 18, 2002, respectively. Appellant pled "true" to these enhancements during the guilt/innocence phase of the trial. At the conclusion of the guilt/innocence phase, the trial court instructed the jury as follows:

> Our law provides that any person who is intoxicated while driving or operating a motor vehicle in a public place, and who has previously been convicted two times or more of being intoxicated while operating or driving a motor vehicle in a public place shall be guilty of a felony.[4]

The indictment also contained two repeat offender felony enhancement paragraphs. Specifically, the indictment alleged Appellant had been convicted of felony possession of a controlled substance on October 25, 1994, and felony delivery of a controlled substance

[3]Because the underlying facts pertinent to the DWI offense are not relevant to Appellant's sole issue concerning the jurisdiction of the trial court, we will dispense with a recitation of those facts.

[4]Appellant does not assert that the trial court's jury charge at the conclusion of the punishment phase was defective. Accordingly, any ground for appeal on this basis has been waived. Tex. Code Crim. Proc. Ann. art. 1.14 (Vernon 2005) & Tex. R. App. P. 33.1.

on February 12, 1991. During the punishment phase, Appellant also pled "true" to these enhancements.

Following a jury trial, Appellant was found guilty of felony DWI with enhancements and sentenced to thirty years confinement. This appeal followed.

**Discussion**

Appellant contends that because a statutory amendment effective September 1, 2005, repealing § 49.09(e) of the Texas Penal Code,[5] specifically provides that an offense is considered to have been committed before the effective date of the amendment if *any element* of the offense was committed before that date, and because a prior DWI offense is an *element* of the offense, then the current offense is governed by the prior code because his prior DWI convictions occurred before the effective date of the amendment. Appellant then contends the trial court lacked jurisdiction because the application of the amended statute to the facts of this case deprived the trial court of jurisdiction.

At all times relevant to this appeal, a DWI offense has been punishable as a felony of the third degree if it is shown on the trial of the offense that the defendant has previously been convicted two times of any other offense relating to the operation of a motor vehicle while intoxicated. Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2008). Prior to

---

[5] *See* Act of May 27, 2005, 79th Leg., R.S., ch. 996, § 4, 2005 Tex. Gen. Laws 3363, 3364 (presently Tex. Penal Code Ann. § 49.09 (Vernon Supp. 2008)). For convenience, provisions of the Texas Penal Code will be cited throughout the remainder of this opinion simply as "section ____" or "§ ____."

September 1, 2005, § 49.09(e) provided that a prior DWI conviction could not be used for purposes of enhancing a new DWI offense to a felony if the conviction was too remote.[6] Section 49.09(e) effectively barred the State, in certain circumstances, from using certain convictions to prove the elements of a felony DWI. As such, § 49.09(e) was more akin to a rule of admissibility, as opposed to an element of the offense. *Weaver v. State,* 87 S.W.3d 557 (Tex.Crim.App. 2002); *Villa v. State,* No. 07-06-0270-CR, 2009 WL 2431511, at *4 (Tex.App.–Amarillo 2009, no pet. h.) (not designated for publication).

The averments of an indictment showing a felony confers jurisdiction upon the district court. *Ex parte Sparks*, 206 S.W.3d 680, 682 (Tex.Crim.App. 2006) (indictment alleged misdemeanor DWI enhanced to a felony by two prior DWI convictions). *See also Mueller v. State,* 119 Tex.Crim. 628, 43 S.W.2d 589, 590 (Tex.Crim.App. 1931); *Robles v. State*, 38 Tex.Crim. 81, 41 S.W. 620, 620 (1897). Moreover, that an offense, "sounding in felony, should, on the proofs, be but a misdemeanor, this would not oust the District Court of jurisdiction." *Ingle v. State*, 4 Tex.App. 91, 1878 WL 8937, at *1 (Tex.Ct.App. 1878).

---

[6]*See* Tex. Penal Code Ann. § 49.09(e) (Vernon 2001) providing: (e) Except as provided by Subsection (f), a conviction may not be used for purposes of enhancement under this section if: (1) the conviction was a final conviction under Subsection (d); (2) the offense for which the person is being tried was committed more than 10 years after the latest of: (A) the date on which the judgment was entered for the previous conviction; (B) the date on which the person was discharged form any period of community supervision on which the person was placed for the previous conviction; (C) the date on which the person successfully completed any period of parole on which the person was released after serving a portion of the term to which the person was sentenced for the previous conviction; or (D) the date on which the person completed serving any term for which the person was confined or imprisoned for the previous conviction; and (3) the person has not been convicted of an offense under Section 49.04, 49.05, 49.06, 49.065, 49.07, or 49.08 or any offense related to operating a motor vehicle while intoxicated within 10 years of the latest date under Subdivision (2). (Repealed Act of May 25, 2001, 79th Leg., R.S., ch. 996, § 2, 2001 Tex. Gen Laws 1213, 1214.

Because the indictment here plainly alleges a misdemeanor DWI enhanced to a felony by two prior DWI convictions, the trial court had subject matter jurisdiction over Appellant's case regardless whether the earlier version of the enhancement statute applied. Whether, on the facts of a case, an earlier version of a statute such as § 49.09(e) is applicable to this case is "a matter of evidence," not jurisdiction. *Sparks*, 206 S.W.3d at 682. *See Moreno v. State,* No. 07-03-0505-CR, 2005 WL 2839747, at *2 (Tex.App.–Amarillo 2005, no pet.) (not designated for publication). Appellant's single issue is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5