NO. 07-08-0372-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 23, 2009

______________________________


JAMES R. CHILDRESS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-415,783; HONORABLE JIM BOB DARNELL, JUDGE

_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.


MEMORANDUM OPINION


          Appellant, James R. Childress, was convicted by a jury of the third degree felony
offense of driving while intoxicated,


 enhanced by two prior felony convictions,


 and
sentenced to confinement for thirty years. By a single issue, Appellant contests whether
the trial court had jurisdiction over the subject matter of this cause. We affirm.
Background
          The indictment in this cause alleged that on or about November 18, 2006, in
Lubbock County, Texas, Appellant operated a motor vehicle in a public place while
intoxicated.


 The DWI count was enhanced to a third degree felony by allegations of two
prior DWI convictions on November 13, 2003, and July 18, 2002, respectively. Appellant
pled “true” to these enhancements during the guilt/innocence phase of the trial. At the
conclusion of the guilt/innocence phase, the trial court instructed the jury as follows:
Our law provides that any person who is intoxicated while driving or operating
a motor vehicle in a public place, and who has previously been convicted two
times or more of being intoxicated while operating or driving a motor vehicle
in a public place shall be guilty of a felony.



 
          The indictment also contained two repeat offender felony enhancement paragraphs. 
Specifically, the indictment alleged Appellant had been convicted of felony possession of
a controlled substance on October 25, 1994, and felony delivery of a controlled substance
on February 12, 1991. During the punishment phase, Appellant also pled “true” to these
enhancements.
          Following a jury trial, Appellant was found guilty of felony DWI with enhancements
and sentenced to thirty years confinement. This appeal followed.
Discussion
          Appellant contends that because a statutory amendment effective September 1,
2005, repealing § 49.09(e) of the Texas Penal Code,


 specifically provides that an offense
is considered to have been committed before the effective date of the amendment if any
element of the offense was committed before that date, and because a prior DWI offense
is an element of the offense, then the current offense is governed by the prior code
because his prior DWI convictions occurred before the effective date of the amendment. 
Appellant then contends the trial court lacked jurisdiction because the application of the
amended statute to the facts of this case deprived the trial court of jurisdiction. 
          At all times relevant to this appeal, a DWI offense has been punishable as a felony
of the third degree if it is shown on the trial of the offense that the defendant has previously
been convicted two times of any other offense relating to the operation of a motor vehicle
while intoxicated. Tex. Penal Code Ann. § 49.09(b)(2) (Vernon Supp. 2008). Prior to
September 1, 2005, § 49.09(e) provided that a prior DWI conviction could not be used for
purposes of enhancing a new DWI offense to a felony if the conviction was too remote.


 
Section 49.09(e) effectively barred the State, in certain circumstances, from using certain
convictions to prove the elements of a felony DWI. As such, § 49.09(e) was more akin to
a rule of admissibility, as opposed to an element of the offense. Weaver v. State, 87
S.W.3d 557 (Tex.Crim.App. 2002); Villa v. State, No. 07-06-0270-CR, 2009 WL 2431511,
at *4 (Tex.App.–Amarillo 2009, no pet. h.) (not designated for publication). 
          The averments of an indictment showing a felony confers jurisdiction upon the
district court. Ex parte Sparks, 206 S.W.3d 680, 682 (Tex.Crim.App. 2006) (indictment
alleged misdemeanor DWI enhanced to a felony by two prior DWI convictions). See also
Mueller v. State, 119 Tex.Crim. 628, 43 S.W.2d 589, 590 (Tex.Crim.App. 1931); Robles
v. State, 38 Tex.Crim. 81, 41 S.W. 620, 620 (1897). Moreover, that an offense, “sounding
in felony, should, on the proofs, be but a misdemeanor, this would not oust the District
Court of jurisdiction.” Ingle v. State, 4 Tex.App. 91, 1878 WL 8937, at *1 (Tex.Ct.App.
1878). 
          Because the indictment here plainly alleges a misdemeanor DWI enhanced to a
felony by two prior DWI convictions, the trial court had subject matter jurisdiction over
Appellant’s case regardless whether the earlier version of the enhancement statute
applied. Whether, on the facts of a case, an earlier version of a statute such as § 49.09(e)
is applicable to this case is “a matter of evidence,” not jurisdiction. Sparks, 206 S.W.3d at
682. See Moreno v. State, No. 07-03-0505-CR, 2005 WL 2839747, at *2
(Tex.App.–Amarillo 2005, no pet.) (not designated for publication). Appellant’s single
issue is overruled. Conclusion
 
          The trial court’s judgment is affirmed. 
          
 
 
                                                                           Patrick A. Pirtle 

                                                                                 Justice 



Do not publish.



idence establishing
Scott’s negligence. Because that would have violated the Supreme Court’s directive in
Ford Motor Co. v. Leggat, we cannot say that the trial court abused its discretion in
refusing to grant Allen a new trial to effectuate her intent. 
          Accordingly, the judgment is affirmed.
 
Per Curiam