

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00466-CR

LONNIE CLIFTON COTHERN                               APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

### FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
### TRIAL COURT NO. 1297383D

----------

## MEMORANDUM OPINION[1]

----------

In two points, Lonnie Clifton Cothern contends that (1) because of a variance between the indictment and proof at trial, the evidence is insufficient to support the jury's verdict finding him guilty of the state jail felony of theft of property valued at $1,500 or more but less than $20,000 and (2) the trial court

---

[1]*See* Tex. R. App. P. 47.4.

erred by instructing the jury on lesser-included offenses of theft of property of lesser value. We affirm.

## Background

A jury convicted appellant of the lesser-included offense of theft of property of a value of $1,500 or more but less than $20,000 based on an indictment that charged him with unlawfully appropriating "a metal manipulator" valued at $20,000 or more but less than $100,000 with the intent to deprive Brad Peden, the owner, of the property. The trial court denied appellant's motion for a directed verdict based on his contention that the State had proven only that he had stolen part of a steel welding manipulator and not a "metal manipulator" as alleged in the indictment. The charge also used the term "metal manipulator" and included, at the State's request, the lesser-included offenses of theft of property valued at $1,500 or more but less than $20,000, theft of $500 or more but less than $1,500, and theft of $50 or more but less than $500. *See* Tex. Penal Code Ann. § 31.03(e)(2)–(4)(A), (5) (West Supp. 2014). Because appellant raises a sufficiency argument in his first point, we will discuss the evidence in more detail in our discussion of that point.

## Variance Between Indictment and Evidence

In his first point, appellant claims that the evidence is insufficient to prove that he stole a "metal manipulator" as alleged in the indictment because the evidence shows only that he stole part of a welding manipulator, i.e., the arm and saddle.

2

**Standard of Review and Applicable Law**

To determine whether the State has met its burden under *Jackson v. Virginia* to prove a defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by the hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). A hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* (quoting *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). The law as authorized by the indictment consists of the statutory elements of the offense and those elements as modified by the indictment. *Id.*

There are two types of variances in an evidentiary-sufficiency analysis: material variances and immaterial variances. *Id.* at 9. Immaterial variances do not affect the validity of a criminal conviction; thus, a hypothetically correct jury charge need not incorporate allegations that would give rise to only immaterial variances. *Id.* But a material variance renders a conviction infirm, and the only remedy is to render an acquittal. *Id.* In assessing materiality, we ask two questions: first, "whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial" and, second, "whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for

3

the same crime." *Daugherty v. State*, 387 S.W.3d 654, 665 n.7 (Tex. Crim. App. 2013) (quoting *Gollihar v. State*, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001)).

A person commits theft if he or she unlawfully appropriates property with the intent to deprive the owner of that property. Tex. Penal Code Ann. § 31.03(a) (West Supp. 2014). The punishment range for theft varies depending on the value of the stolen property. *Id.* § 31.03(e). The court of criminal appeals has held,

> [A] theft conviction can never rest in whole or in part upon theft of property not alleged in the indictment as stolen. However, once the defendant has been given proper notice that he must prepare to defend himself against a charge that he has stolen a certain "bundle" of property, there is no reason that he should be acquitted if the evidence shows him guilty of stealing enough of the "bundle" to make him guilty of the offense charged. . . . Likewise, the State should be allowed to plead all property which the evidence may ultimately prove stolen without thereby being required to prove theft of any larger quantum of property than the statute at issue requires.

*Lehman v. State*, 792 S.W.2d 82, 84–85 (Tex. Crim. App. 1990) (citation omitted) (reviewing theft case in which multiple items were alleged to have been stolen during a continuing course of conduct); *see* Tex. Code Crim. Proc. Ann. art. 21.09 (West 2009) (requiring indictment to include description of personal property, if known). But when a discrepancy between the charging instrument allegation and the proof of theft at trial is that of entirely different property, the discrepancy is not merely a variance, it is a failure of proof. *Byrd v. State*, 336 S.W.3d 242, 258 (Tex. Crim. App. 2011).

4

**Evidence**

Brad Peden, the former vice president of ArcMaster Supply, testified that on April 10, 2012, he arrived at work and saw that the back gate was open and the padlock was gone. He next noticed that what he described as the company's "welding manipulator" was missing from the back yard. When shown a photograph of what the yard looked like on the day in question, he identified scrape marks on the concrete pad where the manipulator had been stored; to Peden, it indicated that the saddle part of it had been dragged. He described the manipulator as having "an axis going up and down and an axis going horizontal, and it can move up and down and in and out, and it holds a welding head out on the end of it." When asked if the "entire piece" of the equipment was on the property that day, he answered, "No. Just the -- the horizontal arm that moved in an out and the part we call the saddle that attaches the two pieces together." The other part of the equipment was stored with another company in Dallas. Peden testified that he did not give anyone permission to remove the "manipulator"—which he also described as a fourteen or fifteen foot telescoping arm—and that he did not know appellant. When asked how he recognized "that beam of your manipulator," Peden answered,

> [I]t's a very specific piece of equipment. It's got V ways on it, on the top and lower, and it's got a gear rack on it -- It's telescoping, which makes it very unusual. You know, as far as -- [p]robably less than one in a hundred manipulators would have a telescope arm.

5

After Peden made a police report and sent a copy of a reward poster he had made with a photograph of the arm to Officer Don Hawkins of the Fort Worth Police Department, the officer called Peden to let him know he might have found the arm at a local scrapyard. In the reward poster, Peden had described the item as a "beam." When Peden arrived at the scrapyard, he identified what he called the manipulator as ArcMaster's missing equipment. It had orange spray paint on the beam, and appellant had brought it to the scrapyard on his trailer. Throughout his testimony, Peden referred to the missing equipment as either the "manipulator" or "manipulator arm"; however, on both direct and cross-examination, he is clear that what was missing was the arm and saddle of a larger piece of equipment.

John Schak, a long-time employee of ArcMaster, testified that the missing piece of equipment was the saddle and "long horizontal piece." He also testified that the stolen piece was made of metal. He had not seen a welding manipulator operated before; he only knew what the stolen piece of equipment was called because that is what he had been told. However, he identified from a photograph the same piece of equipment that Peden did as being the item missing from ArcMaster's yard.

Officer Hawkins identified the missing equipment at a metal scrapyard based on the description Peden gave him. He confirmed that Peden had identified the missing equipment at the scrapyard and that Peden had explained to him that it was only part of a larger piece of equipment. Officer Hawkins also

6

found a motor that was part of the larger manipulator on appellant's property, along with orange spray paint.

**Analysis**

We conclude and hold that by charging appellant generally with theft of a metal manipulator, the State necessarily charged appellant with theft of its component parts. *See Lehman*, 792 S.W.2d at 84–85; *cf. Uyamadu v. State*, 359 S.W.3d 753, 758–59 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (holding that value of "computer" alleged to have been stolen was not limited to hardware only and included value of installed software); *McClain v. State*, No. 14-07-00498-CR, 2008 WL 4911900, at *6 (Tex. App.—Houston [14th Dist.] Nov. 13, 2008, no pet.) (mem. op., not designated for publication) (holding that when indictment alleged list of stolen property, State did not need to prove each item in list was stolen); *Mitchell v. State*, No. 01-94-00403-CR, 1994 WL 575422, at *2 (Tex. App.—Houston [1st Dist.] Oct. 20, 1994, pet. ref'd) (not designated for publication) (holding that State did not need to prove that appellant himself stole twelve 12-packs of beer as charged when evidence showed that appellant was part of a group and carried out at least two 12-packs). Accordingly, we conclude and hold that there is not a variance between the indictment and the proof.[2]

---

[2]We note that the record contains testimony regarding the replacement cost, original cost, and scrap value of the missing part of the manipulator. If the State had proven only the value of the manipulator as a whole, the evidence would not be sufficient as to the value element of the offense of theft for the component part. *See* Tex. Penal Code Ann. § 31.03(e); *Calton v. State*, 176 S.W.3d 231, 235 (Tex. Crim. App. 2005) (noting that value of property stolen is

7

But even assuming there is a variance between the description of the property in the indictment and the evidence at trial, it is immaterial. Nothing in the record indicates that appellant did not know what the State was claiming he stole or that he was misled by the allegation or surprised by the proof at trial. *See Gollihar*, 46 S.W.3d at 258. In fact, appellant's two defenses were that (1) he was trying to sell a completely different type of equipment that belonged to him and that he had kept on his property since 2003 and (2) the State did not prove that the item Peden described as missing was made out of metal or manipulated metal, that a metal manipulator is the same thing as a welding manipulator, and that the item recovered at the scrapyard is the same item that was missing from ArcMaster's backyard. Thus, the issue at trial was whether the State proved that the item Peden described as missing and identified on appellant's trailer at the scrapyard was the same item Officer Hawkins discovered on appellant's trailer at the scrapyard. *See id.*; *see also Johnson v. State*, 364 S.W.3d 292, 296–99 (Tex. Crim. App.) ("The description of the item taken in *Gollihar*—a go-cart with a certain model number—constituted a non-statutory description of the gravamen element of property. The question we faced in *Gollihar* was whether the variance was significant enough that we could not conclude that the State had proved the same theft—the stealing of the same go-cart—as the one it had alleged."), *cert. denied*, 133 S. Ct. 536 (2012).

element of offense of theft). But the State introduced evidence that Peden had purchased the part at issue for $6,228.75.

The evidence shows that appellant and Peden had both sought return of the same piece of equipment in a prior court proceeding and that appellant had attended at least one hearing for that purpose. *See* Tex. Code Crim. Proc. Ann. art. 47.01(a) (West 2006). Therefore, regardless of what the piece of equipment was called—"metal manipulator," "welding manipulator," "telescoping arm," or "automatic bin retriever"—the evidence shows that both appellant and the State's witnesses were referring to the same item: the piece of equipment seized by Officer Hawkins on appellant's trailer at the metal scrapyard. It was within the purview of the jury to believe either the State's witnesses who testified that the item belonged to Peden or appellant's testimony that it belonged to him. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Dobbs v. State*, 434 S.W.3d 166, 170 (Tex. Crim. App. 2014).

Moreover, considering the record as a whole, there is no danger of appellant's being prosecuted again for theft of the same item. *See Gollihar*, 46 S.W.3d at 258 (citing *United States v. Apodaca*, 843 F.2d 421, 430 n.3 (10th Cir.) (holding that in event of subsequent prosecution, entire record of prior proceeding may be considered to determine if double jeopardy bar applies), *cert. denied*, 488 U.S. 932 (1988)).

We overrule appellant's first point.[3]

---

[3]*Cf. Banks v. State*, No. 01-11-00766-CR, 2014 WL 2767125, at *4 (Tex. App.—Houston [1st Dist.] June 17, 2014, pet. ref'd) (mem. op., not designated for publication) (holding that even if variance existed, it was immaterial because appellant did not argue insufficient notice, her defense was that appropriation

9

## Lesser-Included Offense Instructions

In his second point, appellant contends that the trial court erred by instructing the jury on the lesser-included offenses of theft of property in differing amounts. According to appellant,

> The trial court erred by charging the jury on all of the levels of theft because the value is not an element of the offense. The value of the stolen property is jurisdictional – it merely vests the court with jurisdiction. Therefore, it was improper for the trial court to instruct the jury on the various levels of theft because the value of the property determines which court has jurisdiction to hear the case, not whether the same or less than all of the facts required to establish the commission of the offense charged. The facts required to prove Third Degree Theft are entirely different than the facts required to prove State Jail, or Misdemeanor, Theft.

Therefore, appellant argues that the jury could not have rationally determined that if he was guilty he was guilty only of theft of $1,500 or more but less than $20,000, "[g]iven the numerous [other] estimates concerning the value of the property."

Contrary to appellant's jurisdictional argument, it is the presentment of the indictment alleging a felony that vests the district court with jurisdiction. Tex. Const. art. V, § 12(b). Once that jurisdiction attaches, the district court retains

---

was unintentional and result of mistake, and double jeopardy did not apply because it was clear from a review of the entire record that what appellant stole "is the same property as the 'money' described in the information as having been misappropriated"); *Duggan v. State*, No. 01-90-00981-CR, 1992 WL 41691, at *2 (Tex. App.—Houston [1st Dist.] Mar. 5, 1992, pet. ref'd) (not designated for publication) (holding that difference between testimony that stolen mullions were about twelve feet long "give or take" and indictment which alleged they were "twelve feet" long was immaterial).

jurisdiction over any lesser-included offenses, even if they are misdemeanors. Tex. Code Crim. Proc. Ann. art. 4.06 (West 2005); *Golden v. State*, 833 S.W.2d 291, 292 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (citing *Mueller v. State*, 43 S.W.2d 589, 589–90 (Tex. Crim. App. 1931)). The value of the property stolen is an element of the offense of theft, which determines the grade of the offense and range of punishment. *See Calton v. State*, 176 S.W.3d 231, 235 (Tex. Crim. App. 2005); *Martinez v. State*, 171 S.W.3d 422, 428 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Accordingly, evidence that the property stolen may have had a lesser value than that alleged in the indictment justified the lesser-included offense instructions in this case. *See Grey v. State*, 298 S.W.3d 644, 645 (Tex. Crim. App. 2009) (holding that second prong of *Rousseau* does not apply when State requests lesser-included instruction). We overrule appellant's second point.

## Conclusion

Having overruled both of appellant's points, we affirm the trial court's judgment.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 7, 2015

11